[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 24, 2003
THOMAS K. KAHN
CLERK

No. 02-12918

D. C. Docket No. 00-14076-CR-NCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WAYNE MONROE,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

**(December 24, 2003)**

Before HULL, MARCUS and STAHL[*], Circuit Judges.

HULL, Circuit Judge:

After entering a guilty plea, David Wayne Monroe appeals his conviction

for possession with intent to distribute cocaine base, in violation of 21 U.S.C.

---

[*]Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

§ 841(a)(1). For the first time on appeal, Monroe contends that the district court committed plain error during his Rule 11 plea colloquy by not explicitly informing him of his right against compelled self-incrimination. After review, we affirm.

## I.  FACTS

On April 3, 2001, Monroe pled guilty to possession with intent to distribute an amount greater than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). At the change-of-plea hearing, the district court read the charged offense from the indictment in full. The district court confirmed that Monroe had discussed the case thoroughly with his attorney and was satisfied with his attorney's advice.

The district court explained that it had to be satisfied that Monroe in fact had committed the crime charged and that he understood the rights that he waived by entering his guilty plea. The district court informed Monroe of those rights, stating: (1) that he did not have to plead guilty and that he may maintain his plea of not guilty and proceed to trial; (2) that he had a right to have a lawyer with him at all stages of the proceedings, including trial; (3) that if he went to trial, he had a right to have a jury of twelve persons and a right for the jury to determine whether the government had proved beyond a reasonable doubt the charge against him; and

2

(4) that at trial he had the right to call witnesses on his own behalf and the right to confront and cross-examine any government witness who testified against him.

The district court informed Monroe about the essential elements of the drug offense charged in the indictment, the maximum and minimum sentences for that crime, and the possible fines. The court explained that by entering a guilty plea, Monroe would give up his right to a jury trial, and that if the court accepted the guilty plea, there would not be a trial. The court confirmed that Monroe had discussed the plea agreement thoroughly with his attorney and that he fully understood the consequences of his guilty plea.

During the plea colloquy, the district court also determined that a factual basis existed for Monroe's guilty plea. The government proffered that it would present evidence of still photographs and tapes showing Monroe selling 37.9 grams of cocaine base for $1600 to a confidential informant ("CI"). The government proffered that its evidence would show that the CI made a telephone call to Monroe and negotiated the purchase of cocaine base, commonly known as crack cocaine. Monroe then drove to the designated location, and the CI gave him $1600 in exchange for the crack cocaine. Monroe took the money, advised the CI that he had more cocaine to sell, and departed. The cocaine base that Monroe sold to the CI was taken to, and tested by, a forensic chemist, and it was in fact 37.9

3

grams of cocaine base or crack cocaine. Monroe admitted that the government's proffer was accurate as to what occurred.[1]

After determining that Monroe was acting voluntarily and understood his rights and the consequences of his guilty plea, the district court accepted Monroe's guilty plea. During the hearing, Monroe never objected to the plea colloquy. Subsequently, the district court sentenced Monroe to 188 months' imprisonment. During sentencing, Monroe never objected to the earlier plea colloquy. Monroe also never filed a motion to withdraw his guilty plea.

Instead, for the first time on appeal, Monroe objects to the plea colloquy and contends that the district court erred under Rule 11 by not expressly informing him of his right against compelled self-incrimination. Monroe requests that his conviction and sentence be vacated based on that Rule 11 error.

## II.    STANDARD OF REVIEW

When a defendant, such as Monroe, fails to object to a Rule 11 violation in the district court, this Court reviews under the plain-error analysis. <u>United States v. Vonn</u>, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046, 152 L.Ed.2d 90 (2002)

---

[1]During the plea colloquy, the district court also inquired as to Monroe's educational background. Monroe replied that he had attended, but not graduated from, college.

4

("hold[ing] that a silent defendant has the burden to satisfy the plain-error" standard in Rule 11 error).

Under plain-error review, the defendant has the burden to show that "there is (1) 'error' (2) that is 'plain' and (3) that 'affect[s] substantial rights.'" United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L.Ed.2d 508 (1993)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Johnson v. United States, 520 U.S. 461, 467, 117 S. Ct. 1544, 1549, 137 L.Ed.2d 718 (1997)) (other internal quotation marks and citations omitted).[2] Under plain-error review, the silent defendant has the burden "to show the error plain, prejudicial, and disreputable to the judicial system." Vonn, 535 U.S. at 65, 122 S. Ct. at 1050.

---

[2]In certain Rule 11 appeals, defendants moved in the district court to withdraw guilty pleas based on Rule 11 error, and thus, on appeal we reviewed for harmless error under Rule 11(h) and did not consider the fourth prong of plain-error review. See, e.g., United States v. Jones, 143 F.3d 1417 (11th Cir. 1998); United States v. Siegel, 102 F.3d 477 (11th Cir. 1996); United States v. Zickert, 955 F.2d 665 (11th Cir. 1992); United States v. Hourihan, 936 F.2d 508, 511 (11th Cir. 1991). In this case, Monroe did not move to withdraw his plea in the district court, and thus we review the Rule 11 issue here for plain error.

Further, in the Rule 11 context, the "reviewing court may consult the whole record when considering the effect of any error on substantial rights." Vonn, 535 U.S. at 59, 122 S. Ct. at 1046.[3]

## III.   DISCUSSION

## A.   Existence of Plain Error

Our first inquiry is whether there was error that was plain. Monroe claims that the district court committed plain error because it did not explicitly inform him of his right against compelled self-incrimination.

At the time of Monroe's guilty plea, Rule 11(c)(1)-(4) of the Federal Rules of Criminal Procedure provided that, before accepting a guilty plea, the district

---

[3]Our precedent on whether the reviewing court may consult only the plea colloquy or the whole record is inconsistent. Compare United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996) (stating our analysis of Rule 11 error is conducted solely on the basis of Rule 11 proceedings); Hourihan, 936 F.2d at 511 (stating that "[t]he law is clear that on direct appeal the harmless error analysis is conducted on the basis of Rule 11 proceedings"), with United States v. Hernandez-Fraire, 208 F.3d 945, 951 (11th Cir. 2000) (finding plain error and stating that "nothing in the record . . . indicates that the defendant knew he had these additional rights"); United States v. Mosley, 173 F.3d 1318, 1324 (11th Cir. 1999) (stating that because defendant was in the midst of trial when he pled guilty, this Court reviews the "whole record, including opening statements, witnesses' testimonies, and the plea colloquy"); see also Jones, 143 F.3d at 1418 (concluding that failure to inform defendant of mandatory minimum sentence at plea colloquy may be harmless error when written plea agreement referred to during plea colloquy properly describes statutory mandatory minimum sentence); United States v. McCarty, 99 F.3d 383, 386-87 (11th Cir. 1996) (determining that failure to mention restitution at plea colloquy is harmless error when defendant signs and acknowledges plea agreement informing defendant of restitution). We need not reconcile this precedent because Vonn now expressly settles the question, and courts may consider the whole record when considering whether Rule 11 error occurred or prejudiced a defendant. United States v. Vonn, 535 U.S. 55, 74-75, 122 S. Ct. 1043, 1054-55, 152 L.Ed.2d 90 (2002).

court must address the defendant personally in open court and must inform him of the following matters and rights:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and

(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and

(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial . . . .

Fed. R. Crim. P. 11(c)(1)-(4) (2001) (emphasis added).[4]  These rules are neither precatory nor aspirational; they are mandatory and the district court is obliged to tell the defendants in words or in substance the matters contained in Rule 11(c)(1)-(4).

The record shows that the district court expressly referenced each item in Rule 11(c)(1)-(4) except for "the right against compelled self-incrimination" in Rule 11(c)(3).  Monroe argues that the court's failure to state expressly that he had "the right against compelled self-incrimination" constitutes a clear Rule 11 violation and thus plain error.

In reply, the government emphasizes that the Advisory Committee Notes to Rule 11 explain that "[t]he rule takes the position that the defendant's right not to incriminate himself is best explained in terms of his right to plead not guilty and to persist in that plea if it has already been made."  Fed. R. Crim. P. 11 advisory committee's note.  In other words, the Advisory Committee Notes counsel that

---

[4]Because the change-of-plea hearing in this case occurred on April 3, 2001, we recite the 2001 version of Rule 11(c) which combined various rights in Rule 11(c)(3), including the right against compelled self-incrimination.  Effective December 1, 2002, the provision about the right against compelled self-incrimination is now contained in Rule 11(b)(1)(E), which provides that the district court must inform the defendant of:

the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

Fed. R. Crim. P. 11(b)(1)(E).

8

telling the defendant that he can continue to plead not guilty is, in effect, also telling him that he is not required to admit guilt or to incriminate himself by admitting guilt. Further, the United States Supreme Court has admonished, "In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule, especially when, as here, the rule [Rule 11] was enacted precisely as the Advisory Committee proposed." Vonn, 535 U.S. at 64 n.6, 122 S. Ct. at 1049 n.6 (quoting Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 165-66 n.9, 109 S. Ct. 439, 448 n.9, 102 L.Ed.2d 445 (1988)). In addition, this Court has stated that Rule 11 "does not say that a court's only means of compliance is to read the specified items in haec verba." United States v. Hernandez-Fraire, 208 F.3d 945, 950 (11th Cir. 2000). Instead, in Rule 11 proceedings, matters of substance, not form, are controlling. See United States v. Stitzer, 785 F.2d 1506, 1513-14 (11th Cir. 1986); United States v. Bell, 776 F.2d 965, 971 (11th Cir. 1985).[5]

Turning to the Rule 11 colloquy with Monroe, the district court informed Monroe, "I want you to know you don't have to plead guilty. You may continue

---

[5]Even prior to the incorporation of harmless-error review in subsection (h) of Rule 11 and the application of plain-error review to Rule 11 in Vonn, the Supreme Court stated, "[m]atters of reality, and not mere ritual, should be controlling." McCarthy v. United States, 394 U.S. 459, 467 n.20, 89 S. Ct. 1166, 1171 n.20, 22 L.Ed.2d. 418 (1969) (internal quotation marks and citations omitted) (alteration in original).

in your plea of not guilty and go to trial." Thus, the government argues that the district court's colloquy conforms to the Advisory Committee Notes' suggestion regarding the manner in which to inform the defendant of his right not to incriminate himself. In light of the Advisory Committee Notes, the government asserts that the district court's colloquy suffices to advise Monroe of his right against compelled self-incrimination. As a result, the government contends that the district court's failure to use the precise words of "right against compelled self-incrimination" did not constitute error, much less plain error.

We agree with the government that the record does show that the district court advised Monroe in great detail about his rights and that he would waive them by entering a guilty plea to the drug charge. Further, the Advisory Committee Notes do provide, as the government argues, that "the defendant's right not to incriminate himself is best explained in terms of his right to plead not guilty and to persist in that plea." Fed. R. Crim. P. 11 advisory committee's note. In a similar vein, the district court did advise Monroe that he did not have to plead guilty and that he may maintain his not guilty plea and proceed to trial. Thus, in light of the thorough nature of the overall colloquy, the Advisory Committee Notes, and our own precedent that does not require in haec verba recitation, it is arguable that there was no Rule 11 error in this case and that in any event, any

10

error was not plain.  See Olano, 507 U.S. at 734, 113 S. Ct. at 1777 (describing "plain" as synonymous with "clear" or "obvious"); United States v. Bejarano, 249 F.3d 1304, 1306 (11th Cir. 2001) (stating that "[p]lain error is clear or obvious") (internal quotation marks and citations omitted).  However, we need not and do not decide either of these two questions because it is absolutely clear in this record that Monroe failed to carry his burden of establishing that any alleged error affected or prejudiced his substantial rights or that any alleged error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

**B.      Plain-Error versus Harmless-Error Review**

Before examining prongs three and four of plain-error review, we review important distinctions between plain-error and harmless-error review, which were expressly reaffirmed by the Supreme Court in the Rule 11 context in Vonn.

Plain-error review differs from harmless-error review in two important respects.  First, in plain-error review, the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights.  See id. at 58-59, 122 S. Ct. at 1046 (discussing differences between plain-error and harmless-error review); Olano, 507 U.S. 725, 734, 113 S. Ct.1770, 1778, 123 L.Ed.2d 508 (1993); United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996) (same).  In harmless-error review, the government has the burden.  See id.

11

Second, while both plain-error and harmless-error review consider whether a defendant's rights were substantially affected, plain-error review has the additional requirement that an appellate court then must decide whether to exercise its discretion to notice a forfeited error. That discretion may be exercised only if the error also "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Vonn, 535 U.S. at 63, 122 S. Ct. 1048 (applying Olano, 507 U.S. at 736, 113 S. Ct. at 1779 (internal quotation marks and citations omitted) (alteration in original)); Johnson, 520 U.S. at 467, 117 S. Ct. at 1549 (same).

We also discuss Vonn in more detail because it informs our analysis in this case. In Vonn, the district court failed to advise the defendant of his right to counsel at trial, and the defendant raised this Rule 11 error for the first time on appeal. 535 U.S. at 61, 122 S. Ct. at 1047. Nonetheless, the defendant in Vonn stressed that Rule 11 contains a harmless-error standard of review in Rule 11(h),[6] but does not contain a plain-error standard within Rule 11. Thus, the initial issue

_____

[6]In Vonn, the Supreme Court noted that Rule 11(h) is "the classic shorthand formulation of the harmless-error standard," which is also already incorporated in Rule 52(a). 535 U.S. at 63, 122 S. Ct. at 1049. At the time of Vonn's sentencing in 1998, as well as at the time of Monroe's sentencing in 2001, Rule 11(h) provided that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 11(h). Currently, Rule 11(h) similarly states that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h) (2003).

12

in Vonn was whether the plain-error standard contained in Rule 52(b) even applied to Rule 11 violations. The defendant in Vonn claimed that "Rule 11(h)'s specification of [only] harmless-error review shows an intent to exclude the plain-error standard with which harmless error is paired in Rule 52."[7] 535 U.S. at 56, 122 S. Ct. at 1044.

Although Rule 11 contains only a harmless-error review provision in subsection (h), the Supreme Court in Vonn expressly held that Rule 52(b)'s plain-error review still applies to Rule 11 errors. 535 U.S. at 74, 122 S. Ct. at 1054. After reviewing the history of Rules 11 and 52, the Supreme Court in Vonn squarely held as to Rule 11 errors that "a silent defendant has the burden to satisfy the plain-error rule and that a reviewing court may consult the whole record when considering the effect of any error on substantial rights." Id. at 59, 122 S. Ct. at 1046.[8]

---

[7]At the time of Vonn's sentencing in 1998 and Monroe's sentencing in 2001, Rule 52 provided in full:
> (a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
> (b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

Fed. R. Crim. P. 52. Currently, Rule 52(b) similarly states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

[8]In Vonn, the Supreme Court concluded that plain-error review applied to the defendant's appeal and remanded for the circuit court to determine whether the defendant had met the burden of satisfying the plain-error rule. 535 U.S. at 76, 122 S. Ct. at 1055.

In rejecting the contention that Rule 11(h) impliedly eliminated plain-error review, the Supreme Court further noted that subsection (h) was added to Rule 11 to deal with "a slip-up by the judge" in Rule 11 colloquies, stating as follows:

> The Rule [11] has evolved over the course of 30 years from general scheme to detailed plan, which now includes a provision for dealing with a slip up by the judge in applying the Rule itself. Subsection (h) reads that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

Vonn, 535 U.S. at 62, 122 S. Ct. at 1048 (emphasis added) (alteration in original). The Supreme Court stressed that "one clearly expressed objective of Rule 11(h) was to end the practice, then commonly followed, of reversing automatically for any Rule 11 error." Id. at 66, 122 S. Ct. at 1050.

In Vonn, the Supreme Court further explained that without plain-error review, "a defendant could choose to say nothing about a judge's plain lapse under Rule 11 until the moment of taking a direct appeal, at which time the burden would always fall on the Government to prove harmlessness." Id. at 73, 122 S. Ct. at 1054. Without plain-error review, "a defendant loses nothing by failing to object to obvious Rule 11 error when it occurs." Id. at 63, 122 S. Ct. at 1048. In concluding that Rule 52(b)'s plain-error review applies to Rule 11 error, the Supreme Court reaffirmed that "[w]hen an appellate court considers error that

14

qualifies as plain, the tables are turned <u>on demonstrating the substantiality of any</u> <u>effect on a defendant's rights</u>; the defendant who sat silent at trial has the burden to show that his 'substantial rights' were affected." <u>Id.</u> at 62-63, 122 S. Ct. at 1048 (emphasis added) (citing <u>Olano</u>, 507 U.S. at 734-35, 113 S. Ct. at 1778)).

## C.    Three Core Concerns of Rule 11

Even prior to <u>Vonn</u>, this Court has not automatically reversed a conviction simply because a defendant has shown a Rule 11 error.[9]  Instead, this Court has applied plain-error review in Rule 11 appeals and evaluated whether the defendant has carried the burden to show that his rights were substantially affected by the Rule 11 error, or what we have also sometimes called "prejudice."[10]

---

[9]<u>Vonn</u> resolved a circuit split about whether plain-error review applied to Rule 11 errors. 535 U.S. at 61, 122 S. Ct. at 1048.  Prior to <u>Vonn</u>, this circuit, along with the First, Sixth, and Seventh circuits had applied plain-error review in Rule 11 cases.  <u>See</u> <u>Quinones</u>, 97 F.3d at 475; <u>United States v. Gandia-Maysonet</u>, 227 F.3d 1, 5-6 (1st Cir. 2000); <u>United States v. Bashara</u>, 27 F.3d 1174, 1178 (6th Cir. 1994); <u>United States v. Cross</u>, 57 F.3d 588, 590 (7th Cir. 1995).  But the Ninth and D.C. circuits had not.  <u>United States v. Vonn</u>, 224 F.3d 1152, 1155 (9th Cir. 2000), <u>vacated by</u> 535 U.S. 55, 122 S. Ct. 1043 (2002); <u>United States v. Lyons</u>, 53 F.3d 1321, 1322 n.1 (D.C. Cir. 1995).

[10]In many cases, this circuit shortened the "affected substantial rights" inquiry to whether the defendant carried his burden to show prejudice.  <u>See, e.g.</u>, <u>United States v. Bejarano</u>, 249 F.3d 1304, 1306 (11th Cir. 2001) (stating in plain-error review that "the defendant bears the burden of persuasion with respect to prejudice") (internal quotations and citations omitted); <u>Hernandez-Fraire</u>, 208 F.3d at 949 (stating in Rule 11 appeal that "[o]n plain error review, the defendant bears the burden of persuasion with respect to prejudice"); <u>Mosley</u>, 173 F.3d at 1322 n.3 (stating that in plain-error review "the defendant bears the burden of persuasion with respect to prejudice") (internal quotation marks and citations omitted); <u>Quinones</u>, 97 F.3d at 475 ("Plain error analysis differs from harmless error analysis in that the defendant bears the burden of persuasion with respect to prejudice.").

15

In evaluating whether a defendant has shown that his rights were substantially affected or prejudiced, this Court has examined the three "core objectives" of Rule 11, which are: (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea. Lejarde-Rada, 319 F.3d at 1289 (citations omitted). This Court has upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns. See United States v. Morris, 286 F.3d 1291, 1294 (11th Cir. 2002) (Rule 11 error of not mentioning restitution); United States v. Tyndale, 209 F.3d 1292, 1295-96 (11th Cir. 2000) (Rule 11 error of not informing defendant of mandatory minimum sentence enhancement); Bejarano, 249 F.3d at 1307 (Rule 11 error of not informing defendant of mandatory minimum term of supervised release); United States v. Camacho, 233 F.3d 1308, 1319 (11th Cir. 2000) (Rule 11 error of not informing defendant of the correct maximum sentence); see also Hernandez-Fraire, 208 F.3d at 950 (stating that

"[g]enerally, this circuit will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the three core concerns").[11]

Further, we have located four plain-error cases where this Court has concluded that a Rule 11 error substantially affected or prejudiced the defendant's rights. See Hernandez-Fraire, 208 F.3d at 951 (failure to satisfy third core concern of Rule 11); United States v. Telemaque, 244 F.3d 1247, 1249 (11th Cir. 2001) (failure to satisfy second core concern of Rule 11); United States v. James, 210 F.3d 1342, 1345-46 (11th Cir. 2000) (same); Quinones, 97 F.3d at 475 (same).[12]

---

[11]See United States v. Caston, 615 F.2d 1111, 1114-16 (5th Cir. 1980) (no plain error where defendant did not claim he was prejudiced in any way by failure to inform him of his right to jury trial, right to assistance of counsel, and right not to be forced to incriminate himself at trial, but rather argued for per se reversal). This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[12]In many other recent Rule 11 cases, this Court found no Rule 11 error at all or no error that was plain, and thus in these cases we did not rule on the third or fourth prong of plain-error review. See, e.g., United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (concluding that because defendant did not "identify any provision of Rule 11 explicitly or implicitly requiring a district court to inform a defendant that his appellate rights are limited by § 3742(a)" there was "no error at all"); United States v. Chubbuck, 252 F.3d 1300, 1306 (11th Cir. 2001) (stating that "[b]ecause no definitive case law exists on whether a guilty plea with adjudication withheld constitutes a conviction under Florida law," there was no plain error); United States v. Humphrey, 164 F.3d 585, 587-88 (11th Cir. 1999) (stating that because federal circuits were split on whether district court must inform defendant whether his sentences would run consecutively, and because this circuit had not yet resolved the issue, there was no plain error); United States v. Wiggins, 131 F.3d 1440, 1444 (11th Cir. 1997) (concluding that district court adequately informed defendant of nature of charges); United States v. DePace, 120 F.3d 233, 238 (11th Cir. 1997) (same); United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990) (same); Dismuke v. United States, 864 F.2d 106, 107 (11th Cir. 1989) (stating that "[n]othing in Rule 11 requires the trial judge to inform the defendant of every possible defense he may have"); United States v. Bell, 776 F.2d 965, 968 (11th Cir. 1985) (concluding that district court

17

However, all four cases involved not only violations of explicit requirements of Rule 11, but also violations that resulted in a total or almost total failure to address a Rule 11 core concern. In that regard, all four cases are significantly different from Monroe's, where the district court adequately addressed the three core concerns but "slipped-up" and failed to cover explicitly one item in the Rule 11 list.

For example, in Hernandez-Fraire, the district court failed to inform Hernandez-Fraire of (1) his right to plead not guilty and to maintain or persist in that plea, (2) his right to the assistance of counsel at trial, (3) his right to confront and cross-examine adverse witnesses at trial, and (4) his right against compelled self-incrimination. 208 F.3d at 946. This Court in Hernandez-Fraire also emphasized that the defendant expressed confusion and told the district court, "I really don't know about this plea because I don't know what my rights are." Id. at 948. The Rule 11 error in Hernandez-Fraire constituted an almost total failure to address "the third core concern of Rule 11," that the defendant know and understand the consequences of his guilty plea. Id. at 950-51. The district court

adequately established defendant's understanding of nature of charges); United States v. Stitzer, 785 F.2d 1506, 1513-14 (11th Cir. 1986) (concluding that district court adequately determined that plea was not coerced); United States v. Byrd, 804 F.2d 1204, 1208 (11th Cir. 1986) (concluding that district court adequately determined that guilty plea was voluntary and defendant understood nature of charges).

18

not only failed to tell the defendant about these various rights, but also failed to tell the defendant that he waived these rights by entering a guilty plea. Moreover, in Hernandez-Fraire, the defendant even told the district court that he did not know what his rights were.

In each of the other three cases, the district court did not advise the defendant at all about the nature of the charges. Telemaque, 244 F.3d at 1250 (plain error in failing to describe to defendant with low educational achievement "at all the nature of the charges against him"); James, 210 F.3d at 1345 (plain error by "not specifying any of the elements involved in the charge or any facts that would support the charge" to defendant with tenth grade education); Quinones, 97 F.3d at 475 (plain error by "never mention[ing] the elements" of the firearm charge). The Rule 11 error in these three cases constituted a total failure to address the second core objective of Rule 11, that the defendant understand the nature of the charges against him. Id.

Having surveyed our precedent, we turn to whether the alleged Rule 11 error here substantially affected or prejudiced Monroe's rights.

**D.    Third Prong:  Prejudice**

For several reasons, we conclude that Monroe has not carried his burden to show that his rights were substantially affected or prejudiced by the alleged Rule

19

11 error. First, Monroe principally argues for per se reversal whenever any single item listed in Rule 11 is not explicitly covered. As explained by the Supreme Court in <u>Vonn,</u> the purpose of the harmless-error rule in Rule 11(h) is to end the automatic reversal for any Rule 11 error. 535 U.S. at 66, 122 S. Ct. at 1050. Likewise, the purpose of applying the plain-error rule in the Rule 11 context is to end automatic reversal for any Rule 11 error.

Second, Monroe has not shown any form of prejudice by the district court's failure to inform him explicitly of his right against compelled self-incrimination. The government's proffer during the plea colloquy did not rely on any confession by Monroe. Instead, that proffer relied on photographs, tapes, and the CI's testimony and demonstrated that Monroe's testimony would have been unnecessary at trial. Indeed, Monroe has not shown, or even argued, that he would not have pled guilty had he been more fully apprised of his listed right against compelled self-incrimination.

Third, the district court's plea colloquy satisfied the core concerns of Rule 11. Although the district court did not state the precise words that Monroe had "a right against compelled self-incrimination," the district court's plea colloquy sufficiently addressed the third core concern – that the defendant must know and understand the consequences of his guilty plea. One consequence of Monroe's

20

guilty plea was that he waived certain constitutional rights. Although the district court "slipped-up" and failed to mention explicitly the right against compelled self-incrimination, the district court's plea colloquy made it clear to Monroe that he had numerous rights and was waiving them by entering a guilty plea. Further, and importantly for this case, the district court also made it clear to Monroe that "you don't have to plead guilty." The district court further told Monroe that "[y]ou may continue in your plea of not guilty and go to trial." In short, this is not a case involving a total or almost total failure to address a core concern under Rule 11.

## E.     Fourth Prong:  Discretion to Notice Forfeited Error

Alternatively, given the factual circumstances of this case, we decline to exercise our discretion to notice any forfeited error. A court of appeals should not exercise its discretion to notice a plain error unless the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Vonn, 535 U.S. at 63, 122 S. Ct. at 1048 (internal quotation marks and citations omitted) (alteration in original); Olano, 507 U.S. at 732, 113 S. Ct. at 1776 (quoting United States v. Young, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985)) (other citations omitted).

In reviewing whether a plain error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings," the United States Supreme Court has often rested its determination on the amount of evidence incriminating the defendant, regardless of the error. See United States v. Cotton, 535 U.S. 625, 632, 122 S. Ct. 1781, 1786 (2002) (refusing to notice error of omitting element of the offense, quantity of drugs, from indictment when evidence that conspiracy involved at least 50 grams was "overwhelming" and "essentially uncontroverted"); Johnson, 520 U.S. at 470, 117 S. Ct. at 1550 (refusing to notice error of submitting question of materiality to jury when evidence supporting materiality was "overwhelming").

Through an extended Rule 11 colloquy, Monroe was made aware of numerous rights that he was waiving. Monroe has failed to show any prejudice, or that he would have acted in another manner had he also been advised explicitly of his right against compelled self-incrimination. Moreover, Monroe faced overwhelming evidence against him in the form of photographs and tapes of the single drug transaction in issue and the CI's direct testimony. As the Supreme Court observed in Johnson, "it would be the reversal of a conviction such as this which would [seriously affect the fairness, integrity, or public reputation of

judicial proceedings]." Id.[13] As such, we conclude that any Rule 11 error in this case does not seriously affect the fairness, integrity, or public reputation of Monroe's judicial proceedings, and we decline to take notice of the forfeited error.

## IV. CONCLUSION

Given the overall record, we conclude that the alleged Rule 11 error in this case did not substantially affect or prejudice Monroe's rights. Alternatively, we decline to notice any forfeited Rule 11 error because it did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. Thus, we affirm Monroe's conviction.[14]

**AFFIRMED**.

---

[13]The Supreme Court further noted, "Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it." Johnson, 520 U.S. at 470, 117 S. Ct. at 1550 (quoting R. Traynor, The Riddle of Harmless Error 50 (1970)).

[14]On an earlier remand from this Court, the district court found excusable neglect and concluded that Monroe's appeal should proceed. In the district court, the government joined in Monroe's motion for excusable neglect. The government's brief on appeal did not raise that issue or challenge that finding, but at oral argument, the government suggested for the first time that this Court may lack jurisdiction to hear this appeal. After review of the entire record, we determine that we have jurisdiction and that Monroe's appeal should proceed.

23