IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 18, 2004

## STATE OF TENNESSEE v. STACY MCKINLEY TAYLOR
## alias RONALD LEE TAYLOR

**Appeal from the Criminal Court for Sullivan County**
**Nos. S47,106 and S47, 112     Phyllis H. Miller, Judge**

_____

**No. E2003-02458-CCA-R3-CD - Filed December 29, 2004**

_____

Hayes, David G., Judge, dissenting, in part, with regard to sentencing modification.

The majority concludes that modification of the defendant's sentences for aggravated assault and theft are required in light of *Blakely v. Washington*, 542 U.S.___, 124 S. Ct. 2531 (2004).

For those reasons expressed in *State v. Ricky Grover Aaron*, No. M2002-02288-CCA-R3-CD (Tenn. Crim. App. at Nashville, Dec. 13, 2004) (Hayes, J., dissenting), I find that any sentencing challenge available to the defendant under *Blakely* is now waived because the defendant did not object at trial or on appeal to what the majority now concludes is a constitutionally infirm sentencing scheme. Tenn. R. App. P. 36(a). After review of the record, I do not find that any sentencing modification is required for the defendant's conviction for aggravated assault. I agree, however, that sentencing modification is required for the defendant's sentence for theft, in view of the misapplication of sentencing enhancers which are not supported by the record.

The majority opines that the sentences violate *Blakely* and, in a "harmless error" analysis, further concludes that any sentencing errors are harmless. Tenn. R. Crim. P. 52(a). Notwithstanding their conclusion that the error does not affirmatively appear to have affected the sentencing determination, the majority, nonetheless, modifies the sentences. Thus, although this court is an error-correcting court, the majority implicitly rejects review of any error stemming from a *Blakely* violation. First, I find that the error is not reviewable under harmless error analysis. The majority cites as reliance for harmless error review, *Neder v. United States*, 527 U.S. 1, 19, 119 S. Ct. 1827, 1839 (1990). However, the error in *Neder* was objected to at trial, thus mandating harmless error review on appeal. *Id*. at 1832. Second, I find this court has the authority to review alleged *Blakely* errors under the discretionary authority of plain error. Tenn. R. Crim. P. 52(b).

"Plain-error review differs from harmless-error review in two important respects. First, in plain-error review, the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights. In harmless error review, the government has the burden. Second, while both plain-error and harmless-error review consider whether a defendant's rights were substantially

affected, plain-error review has the additional requirement that an appellate court then must decide whether to exercise its discretion to notice a forfeited error. That discretion may be exercised only if the error also 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Monroe*, 353 F.3d 1346 (11ᵗʰ Cir. 2003) (internal cites omitted). The asserted plain error must have been of such a great magnitude that it probably changed the outcome of the trial. *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994).

The majority concludes, and I agree, that the trial court's misapplication of sentencing factors requires modification of the defendant's sentence for theft. Accordingly, I join in modification of this sentence to reflect a sentence of three years.

With respect to the defendant's conviction for aggravated assault, I find that the record overwhelmingly supports application of enhancement factors (2) and (11) and the enhancement factor of Tennessee Code Annotated section 39-13-102(d)(1). Because the defendant has failed to establish prejudice, the provisions of Rule 52(b), which require that a substantial right be affected, have not been met. I find no modification is necessary.

For these reasons, I would affirm the defendant's maximum sentence of six years for aggravated assault.

_____
David G. Hayes, Judge