[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16101
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-14030-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CARL FAXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2010)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Michael Carl Faxon appeals his 168-month sentence after pleading guilty to

transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On appeal, Faxon argues that the magistrate judge erred in conducting the plea colloquy, the district court erred in conducting the sentencing hearing, and the district court imposed an unreasonable sentence.

With respect to the plea colloquy, Faxon raises two arguments for the first time on appeal, which we review for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).[1] Specifically, Faxon argues that the magistrate judge failed to ensure that he understood the nature of the charges, see Fed. R. Crim. P. (b)(1)(G), and failed to inform him of his right to have counsel appointed at all stages, see Fed. R. Crim. P. 11(b)(1)(D). Although we are not persuaded that the magistrate committed Rule 11 error, any such error did not affect Faxon's substantial rights because there is nothing in the record to suggest that there was a reasonable probability that, but for the error, he would not have entered his plea. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Thus, Faxon has not shown plain error.

With respect to the sentencing hearing, Faxon raises two arguments for the

---

[1] To satisfy this standard, Faxon must identify an error that is plain and that affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). When these three factors are met, we may then exercise our discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotations omitted).

first time on appeal. First, he argues that the district court violated Fed. R. Crim. P. 43(a)(3) by holding a sidebar conference outside of his presence. We review this argument for plain error. United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004). The court held the sidebar in order to afford the government an opportunity to seek a continuance so that it could consult an expert to rebut a sociological evaluation submitted by the defense. We conclude that any Rule 43 error did not affect Faxon's substantial rights because the court accurately summarized the sidebar conference, and the government declined the court's opportunity to consult its own rebuttal expert. Thus, Faxon has not shown plain error.

Second, Faxon argues that the district court violated Fed. R. Crim. P. 32(i)(4)(A)(ii) by failing to afford him the opportunity to allocute. We review this argument for plain error. United States v. Prouty, 303 F.3d 1249, 1251 (11th Cir. 2002). We again conclude that any error did not affect Faxon's substantial rights because defense counsel called him as a witness, and he allocuted at length during his testimony. Thus, Faxon has not shown plain error.

Finally, Faxon argues that his sentence was unreasonable. We review this argument under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In this case, the district court imposed a substantial

3

downward variance of 42 months after considering the statutory factors in 18 U.S.C. § 3553(a) and the testimony of several mitigating witnesses.  Faxon argues that the court should have varied further downward, but he has not shown that the court "committed a clear error of judgment in weighing the § 3553(a) factors . . . ." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation omitted). Thus, Faxon has not shown that the district court abused its discretion.

**AFFIRMED.**