[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13790
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00028-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE DAVIS BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 24, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Tyrone Davis Brown appeals his conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  We affirm.

## BACKGROUND

In July 2012, law enforcement officers received information from a cooperating source that Brown was selling marijuana and crack cocaine from his residence in Tallahassee, Florida.  They asked the source to place a recorded call to Brown.  In the call, Brown stated he had no drugs at the time but would contact the source, when he had obtained more drugs.  Subsequent searches of his home and car revealed significant quantities of marijuana and cocaine base.

A federal grand jury indicted Brown for one count of possession with intent to distribute crack cocaine.  Brown signed a written plea agreement, in which he acknowledged he was guilty of the charged crime, and the government would have presented evidence sufficient to prove his guilt beyond a reasonable doubt at trial.

During Brown's plea proceeding, the district judge explained the various trial rights Brown would be giving up by pleading guilty and ensured Brown understood the nature of the charge against him and the possible penalties he faced.  Brown testified that he had not spoken with any government agents about his sentence, and no one had made any promises to him about it.  The judge asked for assurance from counsel that Brown's plea was "freely and voluntarily made with

2

full knowledge of the consequences, and that there [we]re no agreements or understandings with the government other than as set out in the plea agreement and supplement." R. at 174. Defense counsel responded affirmatively, and the government agreed. The judge did not ask Brown whether his plea was the result of force or threats.

The judge accepted Brown's guilty plea and found it to have been entered knowingly, voluntarily, and intelligently. Defense counsel did not object. Brown was sentenced to 188 months of imprisonment followed by 6 years of supervised release and was ordered to forfeit his interest in a house identified in the indictment.

## DISCUSSION

Brown argues his guilty plea must be vacated, because the district judge violated a core concern of Federal Rule of Criminal Procedure 11 by failing to ask Brown whether his plea was the result of force or threats. When a defendant fails to object to a Rule 11 violation before the district court, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). Plain error requires a defendant to show (1) an error (2) that was plain, (3) that affected his substantial rights, and (4) seriously affected the fairness of the judicial proceedings. *Id.* at 1349.

Brown argues that his plea was not sufficiently knowing and voluntary, because the district judge's plea colloquy violated Rule 11. For a plea to be knowing and voluntary, a district judge must address the three core concerns of Rule 11 by ensuring that (1) the plea was free from coercion; (2) the defendant understood the nature of the charges; and (3) the defendant understood the consequences of his guilty plea. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). This case involves the first core concern: ascertaining whether the plea was free from coercion. Brown argues the district judge did not adequately ensure the plea was free from coercion, because he expressly did not ask whether his plea was the result of force or threats.

We have not addressed how a district judge must ascertain that a plea was free from coercion. Rule 11 requires a district judge to "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). The government concedes the judge erred by failing to ask Brown directly whether his plea resulted from force or threats.

Even with this error, Brown still must show it affected his substantial rights. To establish that a Rule 11 error affected substantial rights, a defendant must show a reasonable probability he would not have pled guilty but for the alleged error. *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 124 S. Ct. 2333, 2336

4

(2004).  Brown neither asserts nor cites anything in the record suggesting he would not have pled guilty, if the district judge asked him whether his guilty plea resulted from threats or force.  *See id.* at 76, 124 S. Ct. at 2336; *Moriarty*, 429 F.3d at 1020.  To the contrary, Brown acknowledged during his plea hearing that he was pleading guilty because he was guilty.  Brown agreed in his plea agreement the government would have been able to prove his guilt beyond a reasonable doubt, if had he proceeded to trial.  Because Brown does not assert his plea was entered under any coercion, he has not shown a reasonable probability he would not have pled guilty, if the district judge expressly had asked whether his plea had been coerced by force or threats.

**AFFIRMED.**