[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12418

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SELMA OLIVER-SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cr-00054-TES-CHW-1

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Selma Oliver-Smith appeals his 84-month sentence for one count of being a felon in possession of a firearm on the grounds that the district court procedurally erred and the sentence is substantively unreasonable. After careful consideration, we **AFFIRM** the district court's sentence.

## I

We generally review the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error. *Id*. A district court procedurally errs if, among other things, its sentence is based on clearly erroneous facts. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). "For a finding to be clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed." *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021) (citation and quotation marks omitted). The district court must also treat the Guidelines as advisory, consider the 18 U.S.C. § 3553(a) factors, and adequately explain the chosen sentence. *Gall*, 552 U.S. at 51.

Here, the district court did not commit procedural error—plain or otherwise—because it committed no error at all.[1] Oliver-Smith argued that his sentence was based on a clearly erroneous finding of fact because the district court stated that "in all this time that you've been under sentence, you never served longer than three years." This statement, Oliver-Smith argued, was inaccurate because his presentence investigation report showed that the terms of imprisonment he had received added up to more than three years.

We disagree. Read in context, the district court correctly found that Oliver-Smith had never served a period of imprisonment longer than three years. *See United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir. 2003) (analyzing nature of the overall colloquy for context). And Oliver-Smith's undisputed criminal history shows as much. His argument to the contrary is based entirely on a misinterpretation of the district court's reasoning. Therefore, we affirm as to this issue.

## II

After reviewing for procedural error, we consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. The district court abuses its discretion if it: "(1) fails to afford consideration to relevant [§

---

[1] The parties dispute whether Oliver-Smith properly preserved this issue, and therefore whether we review this argument for plain error or clear error. Because this issue fails under either standard of review, we need not resolve whether Oliver-Smith preserved it.

3553(a)] factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation and quotation marks omitted). We will vacate a district court's sentence as substantively unreasonable "only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (citation and quotation marks omitted).

We "commit[] to the sound discretion of the district court the weight to be afforded to each § 3553(a) factor." *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015). The district court does not have to give all the factors equal weight and maintains discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court also has discretion to decide whether the § 3553(a) factors justify a variance and the degree of the variance. *See Gall*, 552 U.S. at 49–50. A district court's decision to place "substantial weight" on a defendant's criminal history is consistent with the § 3553(a) factors because five of the factors relate to criminal history. *Rosales-Bruno*, 789 F.3d at 1263; *see* 18 U.S.C. § 3553(a). Even though properly calculated guideline ranges incorporate a defendant's criminal history, a district court may properly find that the guideline range does not account for the nature of the prior offenses or

the continuous pattern of criminal behavior. *See Rosales-Bruno*, 789 F.3d at 1263.

A sentence outside of the calculated guideline range is not presumed to be unreasonable, but the extent of the variance is one consideration. *Irey*, 612 F.3d at 1186–87. One sign of reasonableness is that the varied sentence is well below the statutory maximum. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Here, Oliver-Smith's 84-month sentence is not substantively unreasonable because the district court acted within its discretion in placing considerable weight on the § 3553(a) factors it specified at sentencing, mostly relating to his criminal history, in imposing its sentence. *Rosales-Bruno*, 789 F.3d at 1254, 1263–64; *Perkins*, 787 F.3d at 1342. Oliver-Smith's argument that the district court over-relied on one factor is unavailing; the court stated that not one, but five of the § 3553(a) factors supported an upward variance based on his undisputed criminal history. *Rosales-Bruno*, 789 F.3d at 1263; *see also* 18 U.S.C. § 3553(a).

And it was within the court's discretion to find that Oliver-Smith's guidelines range of 46–57 months was insufficient to achieve the goals of sentencing—namely, to deter future criminal conduct when Oliver-Smith's presentence investigation report reflected that he had a lengthy criminal history of theft crimes and a clear pattern of recidivism despite numerous state court convictions accompanied by relatively minor sentences. *Perkins*, 787 F.3d at 1342; *Rosales-Bruno*, 789 F.3d at 1263. Additionally, his sentence fell considerably below the statutory maximum noted in his

presentence investigation report, which is also indicative of its reasonableness. *Riley*, 995 F.3d at 1278. Accordingly, Oliver-Smith's sentence should be affirmed.

**AFFIRMED.**