[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13714

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AVERY ITEZ LONG,
a.k.a. Dante Favors,
a.k.a. Lorenzo Hightower,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00085-WMR-JSA-2

_____

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether the district court plainly erred by failing to orally pronounce the standard conditions of supervised release that it imposed at sentencing. Avery Long pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 85 months' imprisonment and 3 years of supervised release. In its oral pronouncement, the district court explained that Long would be subject to "some standard conditions" that would be "included in the written judgment in this case," but did not state each standard condition of supervised release. Because this was sufficient to afford Long notice and an opportunity to object, the district court did not plainly err when it did not describe each standard condition of supervised release. We thus affirm Long's sentence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, Long was indicted for conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count 1"), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 2"). He later entered a negotiated guilty plea to Count 2.[1]

---

[1] Long's plea agreement contained an appeal waiver, but the government has forfeited that waiver because Long's challenge is based on a denial of due process.

A probation officer prepared a presentence investigation report ("PSI").  The officer reported that following an investigation where Long admitted to being on parole, officers searched Long's bedroom and found ammunition, a gun, and drug paraphernalia with residue that tested positive for cocaine.  Officers also intercepted jail calls where Long discussed drug and gun activities with his codefendant, and a confidential informant performed several controlled buys from Long's codefendant.

The PSI determined that Long's base offense level was 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because Long had two previous felony convictions for controlled substance offenses.  It applied a four-level enhancement pursuant to § 2K2.1(b)(6)(B) because Long possessed the gun in connection with another felony offense.  A two-level enhancement was applied pursuant to § 3C1.1 because Long instructed others to engage in obstructive conduct while he was in custody.  Because Long accepted responsibility and assisted authorities, a three-level reduction was applied under § 3E1.1(a)-(b), resulting in a total offense level of 27.

Long's criminal history included the following relevant convictions: theft by receiving stolen property, trafficking in cocaine, possession of cocaine, and possession of a controlled substance with intent to distribute.  His criminal history score was 9, but two points were added because he was on parole for a prior offense, resulting in a criminal history score of 11 and a criminal history category of V.  The statutory maximum term of imprisonment was 120 months, which matched the guideline range.

The PSI also documented Long's personal history. After his mother developed an addiction to cocaine, he lived in foster care starting at age seven, where he was physically abused. Long was separated from his siblings, dropped out of school at 16, and eventually went to prison. He also struggled with substance abuse.

Long objected to the PSI, specifically objecting to his base offense level, the enhancement for possessing the gun in connection with another felony offense, and the enhancement for obstruction of justice. But Long withdrew his objections at the sentencing hearing. Long also argued for a downward variance to 57 months.

At the sentencing hearing, the district court confirmed that the parties agreed with the guidelines calculations in the PSI and adopted the PSI. The government stated that it was not willing to agree to a downward variance to 57 months and instead recommended a downward variance to 92 months. Long again requested a 57-month sentence, citing his acceptance of responsibility and his familial support.

The district court remarked that Long's criminal history and the fact that the offense involved drugs was not favorable, but that his family support and his allocution were. Despite plenty of chances, the court noted, Long did not take his prior convictions seriously, and it expressed concern over his continued engagement in the drug trade. It agreed that Long was unlikely to recidivate because he was older. But the court stated that it had to consider the 18 U.S.C. § 3553(a) factors such as the seriousness of the offense, deterrence, and treating similarly situated people the same.

It determined that Long should get credit for pleading guilty and a variance of seven months for time served on his parole sentence.

The district court imposed a sentence of 85 months of imprisonment and 3 years of supervised release. It explained its imposition of a three-level variance, resulting in an offense level of 24 and a guideline range of 92 to 115 months, as well as another variance of 7 months based on his time served.

During the sentencing hearing, the district court stated that Long would be subject to "mandatory conditions," "some standard conditions" and other "special conditions" of supervised release. The court explained that mandatory conditions include not committing new crimes, not possessing controlled substances, submitting to DNA collection, and submitting to drug tests. It also explained the special conditions of supervised release which include submitting his residence, person, effects, electronics, and his office to searches by United States probation officers and participating in an alcohol and drug treatment program. Critically for this appeal, the court stated that "[t]here will be some standard conditions of your supervision that you will have to comply with. They'll be included in the written judgment in this case." The court did not describe the standard conditions in more detail.

At the end of the sentencing hearing, the court asked for objections. Long only objected to the length of sentence imposed by the court, stating, "the Court did not give appropriate consideration to the factors that [defendant] raised that would support a

lower sentence." Long did not object to any of the conditions of supervised release, including the standard conditions.

The written judgment listed the mandatory conditions of supervised release pronounced at sentencing, 13 standard conditions of supervised release that had not been stated orally in more detail, and the special conditions of supervised release pronounced at sentencing. The standard conditions imposed in the court's written judgment mirror the standard conditions listed in the Sentencing Guidelines § 5D1.3.

Long filed a timely notice of appeal. His attorney filed a motion to withdraw as counsel and a corrected *Anders* brief in support of the motion. This Court denied his attorney's motion to withdraw and directed him to file a merits brief addressing the following issue: "whether the district court erroneously failed to pronounce the standard conditions of supervised release at Long's sentencing hearing" along with any other issue he deemed appropriate.

## II.    STANDARDS OF REVIEW

Generally, we review the imposition of discretionary conditions of supervised release for an abuse of discretion. *See United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). When a defendant fails to object in the district court, however, we review only for plain error. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). A defendant's challenge to the adequacy of a court's sentencing explanation is reviewed de novo, even if the defendant

did not object below. *United States v. Hamilton*, 66 F.4th 1267, 1274 (11th Cir. 2023).

## III.    ANALYSIS

On appeal, Long argues that the district court violated his due process rights by including 13 standard conditions of supervised release in his written judgment that it did not orally pronounce at sentencing. He asks us to vacate these conditions and remand to the district court with instructions to reconsider whether to impose each of the discretionary conditions after allowing him an opportunity to be heard.

Section 3583 imposes several mandatory conditions of supervised release and provides that the court may order further conditions. 18 U.S.C. § 3583(d). The Guidelines allow the court to impose other discretionary conditions and provides 13 standard conditions that are generally recommended, as well as several special conditions. U.S.S.G. § 5D1.3(b)-(d).

In *United States v. Rodriguez*, 75 F.4th 1231 (11th Cir. 2023), we held that, to satisfy due process requirements, "a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *Id.* at 1246. A district court need not individually pronounce each condition because it can satisfy this requirement "by referencing a written list of supervised release conditions." *Id.* For example, "the court may orally adopt the conditions of supervised release recommended in the defendant's

[presentence investigation report] or in a standing administrative order." *Id.* This is because by "referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them." *Id.* But discretionary conditions of supervised release must be pronounced orally in some way. *See id.* at 1249.

The parties dispute the standard of review that governs our analysis. When a defendant fails to object to the conditions of his supervised release at sentencing, we ordinarily review objections on appeal about those conditions for plain error. *See Zinn*, 321 F.3d at 1087. But when a defendant had no opportunity to object at sentencing to discretionary conditions because the conditions were included for the first time in the written judgment, we review the related issues de novo. *See Rodriguez*, 75 F.4th at 1246 n.5.

Long contends that his challenge is entitled to de novo review because he had no opportunity to object at sentencing since the district court failed to specify which standard conditions were being imposed but later included 13 of them in the written judgment. The government counters that we review for plain error because Long had an opportunity to object when the court informed him that it was imposing "some standard conditions" that would be "included in the written judgment." We agree with the government.

We recently considered a similar challenge in *United States v. Hayden*, No. 19-14780, 2024 WL 4377360 (11th Cir. Oct. 3, 2024). There, when the district court imposed a term of supervised

release, it stated that Hayden would "need to comply with the mandatory and standard conditions adopted by the Court in the Middle District," but the court did not orally describe each condition. *Id*. at *2. On appeal, Hayden argued that he had no opportunity to object because the district court failed to orally describe each of the 13 standard conditions and, instead, enumerated the conditions only in the written judgment. *Id*. at *4. But we concluded that Hayden *did* have an opportunity to object because he could have requested "that the district court orally pronounce the conditions." *Id*. We thus distinguished his case from *Rodriguez*, because unlike *Rodriguez*, Hayden "had notice of the conditions of supervised release." *Id*. at *5. We explained that in *Rodriguez*, the district court stated that the defendant would be placed on supervised release, but never mentioned that any standard conditions would be imposed. *Id*. In *Rodriguez*, we thus "addressed only the situation where the district court did not reference *any* conditions of supervised release during the sentencing hearing." *Id*. (emphasis added). Hayden, in contrast, had notice because the district court informed him "that there were standard conditions attached to his supervised release." *Id*. Importantly, the district court asked for objections before ending the hearing, but Hayden "did not object to the *failure to describe* each of the 'standard conditions' of supervised release." *Id*. (emphasis added). We thus reviewed his challenge for plain error. *Id*.

Regarding the proper standard of review, *Hayden* is instructive.[2] Here, the district court informed Long that he would be subject to "mandatory conditions," "standard conditions" and other "special conditions" of supervised release. It described the mandatory and special conditions, and stated there would be "some standard conditions" that would be "included in the written judgment." Like *Hayden*, Long was therefore on notice "that there were standard conditions attached to his supervised release." *Id*. And as in *Hayden*, the district court here asked if there were any objections "to the sentence as imposed," but Long did not object to the district court's failure to describe each of the standard conditions. We therefore review his challenge for plain error.

Under plain error review, we ask whether there was (1) error that (2) was plain and (3) affected the defendant's substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). And even if those three prongs are met, we reverse only if (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*. The Supreme Court has cautioned us to exercise plain error review "sparingly," and we have

---

[2] In *Hayden*, the district court's oral pronouncement referenced the "standard conditions adopted by the Court in the Middle District." We need not entertain the extent to which this distinguishes *Hayden* from this case based on *Rodriguez*'s requirement that the court reference a "written list." As to the proper standard of review, *Hayden* is clear that we review for plain error when the court made *some* reference that it was imposing standard conditions, and the defendant could have objected to the court's failure to describe those conditions.

observed that the "plain error rule places a daunting obstacle" before the appellant. *Id.* (first quoting *Jones v. United States*, 527 U.S. 373, 389 (1999), then quoting *United States v. Pielago*, 135 F.3d 703, 708 (11th Cir. 1998)). Here, the court did not plainly err because any error did not affect Long's substantial rights.

The substantial rights inquiry "is like harmless error review but with a twist: the defendant, not the government, 'bears the burden of persuasion with respect to prejudice.'" *United States v. Iriele*, 977 F.3d 1155, 1177 (11th Cir. 2020) (quoting *United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir. 2003)). The defendant must show a reasonable probability of a different result, which means a probability sufficient to undermine confidence in the outcome. *Rodriguez*, 398 F.3d at 1299. It is "anything but easy" for the defendant to satisfy this standard. *Id.* Long cannot do so here. He fails to carry his burden under the substantial rights prong because he cannot demonstrate a reasonable probability of a different outcome.

Long argues that his substantial rights were affected because the court's failure to describe the standard conditions "violated his due process rights and deprived him of the opportunity to challenge those conditions." But as we determined earlier, Long did have notice and an opportunity to challenge his conditions of supervised release. At the very least, he could have requested that the district court describe the standard conditions which the court informed Long it was imposing and which the court explained would be included in the written judgment.

We have remarked that the substantial rights standard should "encourage timely objections and reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error." *Rodriguez*, 398 F.3d at 1299 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)). On appeal, Long fails to explain how reversal would result in anything other than the district court orally pronouncing the same 13 conditions that it included in the written judgment, which also match the standard conditions in the Sentencing Guidelines. For instance, he does not argue that one of the 13 standard conditions is unjust if applied to him. Long thus falls far short of the "strenuous exertion" needed to show he was prejudiced. *See id*. Because Long cannot show that the result would be any different had the court described each condition at sentencing, he fails to carry his burden under the third prong of plain error review.

Long also briefly argues that the district court erred by failing to explain how the standard conditions of supervised release were justified under the § 3553(a) factors or tailored to his individual circumstances. Again, we disagree.

"Because § 3553(c) applies to the entire sentence, and the term of supervised release is part of that sentence, § 3553(c) necessarily applies to the term of supervised release as part of the sentence imposed." *Hamilton*, 66 F.4th at 1275. The district court must set forth a sufficient explanation to show that it has "considered the parties' arguments and has a reasoned basis" for its sentencing decision. *Rita v. United States*, 551 U.S. 338, 356 (2007). While a

district court must consider the § 3553(a) factors in determining a sentence, it need not state in its explanation that it has evaluated each factor individually. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *Id.*

The record shows that the district court considered the parties' arguments and weighed the factors outlined in § 3553(a) in determining Long's total sentence. Before sentencing Long, the district court noted that it considered the § 3553(a) factors, including his personal characteristics of family support, acceptance of responsibility, age, and criminal history in the drug trade; and it balanced these considerations against the seriousness of the offense and the need for deterrence and treating similarly situated defendants the same. The conditions of supervised release are part of the total sentence. Because the district court sufficiently explained why it imposed the specific sentence that it did, it necessarily provided an adequate explanation for why the conditions of supervised release were justified.

## IV.    CONCLUSION

For these reasons, we affirm Long's sentence.

**AFFIRMED.**