# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. HOWARD WALTER THOMAS

**Appeal from the Criminal Court for Knox County**
**No. 71670     Richard R. Baumgartner, Judge**

---

**No. E2003-02090-CCA-R3-CD - Filed March 30, 2005**

---

DAVID G. HAYES, Judge, dissenting, with regard to sentencing modification.

The majority concludes that modification of the defendant's sentence is required in light of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004).  I must respectfully dissent.

Any sentencing challenge available to the defendant under *Blakely* is now waived because the defendant did not object at trial to what he now contends is a constitutionally invalid sentencing scheme.  *See* Tenn. R. App. P. 36(a).  Our rules of appellate procedure provide that an issue may not be raised for the first time on appeal.  Tenn. R. App. P. 36(a).  I see no valid reason to carve out an *Apprendi/Blakely* exception to this established rule.  In *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), the Supreme Court held, after its decision in *Apprendi*, that the defendant's claim of right to a trial and finding by a jury on a fact used to enhance the defendant's sentence was forfeited because it was not raised at trial.  Similarly, I find the Supreme Court's ruling in *Cotton* applicable to the review of *Blakely* claims raised on appeal in this State.

Review and modification of the defendant's sentence for the first time on appeal not only has the effect of removing the trial court as the primary sentencing court, it also denies the State the opportunity to be heard in the sentencing decision.  Because the issue is waived, it is reviewable on appeal only under the discretionary authority of plain error.  *See* Tenn. R. Crim. P. 52(b).

An appellate court is permitted to correct plain error, or in this case *Blakely* error, only when the error is "of such a great magnitude that it probably changed the outcome of the trial." *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994).  Clearly, this was the import of the Supreme Court's recent holding in *U. S. v. Booker*, 543 U. S. _____, 125 S. Ct. 738, 769 (2005), wherein it opined that not "every [*Blakely/Booker*] appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test."

As applied to the respective conviction identified in the opinion, the record overwhelmingly supports a finding of enhancement factor (2), prior criminal history; factor (4), the offense involved more than one victim; factor (6), exceptional cruelty; factor (9), the offenses were committed during probationary periods; factor (10), use of a firearm; and factor (21), juvenile adjudication which would constitute felony conviction if juvenile had been an adult. Indeed, on appeal, the defendant does not contest the facts supporting these enhancing factors. I find that under plain-error review had a jury heard the proof with regard to factors (4), (6), (9), (10) and (21), its verdict would have been the same.

The majority rejects factors (4), (6), (9), (10), and (21), not because they do not exist, but because they violate *Blakely*. As noted above, the *Booker* Court observed that this should not end the inquiry, however, as the reviewing court is expected to determine whether the sentence fails the "plain-error" test. The record demonstrates that the defendant has failed to establish prejudice in order to satisfy the "affecting substantial rights" requirement of Rule 52(b). *See Cotton*, 535 U.S. at 1786, 122 S. Ct. at 633 (affirming enhancement of the defendant's sentence following plain error analysis notwithstanding presence of *Apprendi* error). The distinction between harmless error analysis and error assigned on appeal cannot be overlooked. *See U. S. v. Monroe*, 353 F.3d 1346 (11th Cir. 2003). It is the defendant, not the State, who has the burden of establishing how the *Blakely* error changed the outcome of the sentencing decision. *See id.* Clearly, the defendant has not met this burden. For these reasons, I would affirm the respective sentences as imposed by the trial court.

 

_____
David G. Hayes, Judge