[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12786
Non-Argument Calendar
_____

D. C. Docket No. 03-00254-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD DUFFIS CLAUDIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 19, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Howard Duffis Claudio appeals his sentence imposed after pleading guilty to one count of conspiracy to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii). We vacate and remand for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

## I. DISCUSSION

A.    *Guilty plea*

Claudio asserts his plea was not knowing and voluntary because he was unaware the Government would have to prove the quantity of cocaine involved if he went to trial, in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).[1] Moreover, he claims the district court should have advised him about the drug amount before accepting his plea, so he would have understood the nature of the charge to which the plea was offered. Claudio maintains that because the district court did not advise him of the essential element of the offense, drug quantity, when going over the crime at the plea or sentencing hearings, it erred in proceeding to sentence him.

---

[1] In *Apprendi*, 120 S. Ct. at 2362–63, the Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely*, the Supreme Court, examining the State of Washington's sentencing guidelines, held the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury. *Blakely*, 124 S. Ct. at 2537–38.

If no objection was made to the Federal Rule of Criminal Procedure 11 colloquy, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). A court accepting a guilty plea must comply with Rule 11, including addressing "the three 'core objectives' of Rule 11, which are: (1) ensuring the guilty plea is free of coercion; (2) ensuring the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *Id.* at 1354.

Because Claudio did not object to his Rule 11 colloquy, he must show plain error on direct appeal. He cannot do this. Although Claudio argues he was coerced into pleading guilty based on the fact he did not know the Government was required to prove the quantity of drugs element of the conspiracy offense, he was specifically questioned about whether he understood this charge. After acknowledging he did understand, he indicated he still wished to plead guilty. The record demonstrates (1) the magistrate complied with Rule 11 to ensure that Claudio's plea was knowing and voluntary, (2) Claudio admitted to the quantity of drugs element, and (3) he understood the elements of the conspiracy charge when he pled guilty to it. Thus, his plea was both knowing and voluntary, and *Blakely* has no impact on the validity of his plea. *See e.g. Brady v. United States*, 90 S. Ct. 1463 (1970) (indicating "a voluntary plea of guilty intelligently made in the light of the then applicable law

3

does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise").

B.    *Constitutionality of statute*

Claudio argues 21 U.S.C. § 841 is unconstitutional pursuant to *Apprendi*, and the district court relied on that statute in sentencing him for a 21 U.S.C. § 846 conspiracy.  We note Claudio pled guilty pursuant to 46 App. U.S.C. § 1903(a), (g), and (j), and was sentenced pursuant to 21 U.S.C. § 960(b)(1)(B)(ii).  Accordingly, his argument is construed to challenge the constitutionality of these statutes.

We have held § 1903 and the penalty provisions of § 960 are not unconstitutional and "[t]here is constitutional error under *Apprendi* . . . in the 21 U.S.C. § 960 context only if the sentencing judge's factual finding actually increased the defendant's sentence above the statutory maximum found in § 960(b)(3), and only if the fact that led to the enhanced sentence was not charged in the federal indictment or submitted to the jury for proof beyond a reasonable doubt."  *United States v. Tinoco*, 304 F.3d 1088, 1101 (11th Cir. 2002).

Because (1) the statutory maximum pursuant to § 960(b)(3) is 20 years' imprisonment, and Claudio was sentenced to 168 months, *i.e.*, 14 years; and (2) the indictment charged him with conspiracy to distribute five kilograms or more of

4

cocaine, and Claudio admitted that five or more kilograms of cocaine were involved in the offense, the statute is not unconstitutional as applied here.

C.  *Sentencing Guidelines*

Finally, Claudio argues, pursuant to *Blakely* and *Apprendi*, the district court erred in sentencing him pursuant to the Sentencing Guidelines based on the drug quantity determined by the district court at sentencing. We review for plain error those issues for which timely objections were not made in the district court.  *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993).  To prevail under a plain-error standard, the appellant must show (1) there is error; (2) that is plain; and (3) the plain error affects substantial rights.  *Olano*, 113 S. Ct. at 1776.  Once the appellant proves these three elements, this Court may notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotations and citations omitted).

1.  *Sixth Amendment*

"A stipulation to a specific [fact]—whether as part of a written plea agreement, part of a jury trial, or at sentencing—serve[s] as the equivalent of a jury finding on that issue, since the stipulation takes the issue away from the jury" and this rule applies not only when the defendant takes the affirmative step of stipulating to a particular fact, but also when the defendant fails to object to or

5

contest the particular finding at issue. *See United States v. Sanchez*, 269 F.3d 1250, 1271 n.40 (11th Cir. 2001) (en banc).

Claudio's base offense level of 38 under U.S.S.G. § 2D1.1(c)(3) is for offenses involving at least 150 kilograms of cocaine. Claudio fails the first prong of the plain error test because Claudio's sentence was not enhanced as a result of judicial findings as to drug quantity that went beyond the facts admitted by him. Claudio did not object to the Presentence Investigation Report (PSI) statement that the conspiracy involved 1,982 kilograms of cocaine. Additionally, at sentencing he stated he did not object to the factual accuracy of the information contained in the PSI. Claudio further signed the plea agreement, which included a factual statement indicating that over 2,000 kilograms of cocaine were in the vessel. Because Claudio admitted the drug quantity used for his sentence, there is no Sixth Amendment violation under *Booker* in this case. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).

2. *Mandatory/Advisory*

In a second and separate majority opinion, the Court in *Booker* concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections, thereby effectively rendering the Sentencing Guidelines advisory rather than mandatory.

6

*Booker*, 125 S. Ct. at 764 (opinion of Breyer, J.). The Court indicated that both its "Sixth Amendment holding and . . . remedial interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id.* at 769.

Here, there is error that is plain because the district court treated the Guidelines as mandatory. *See Shelton*, 400 F.3d at 1331. In applying the third prong of the plain error test, "we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005). "To establish the third prong takes something more than showing the district court sentenced within the Guidelines range and felt bound to do so, especially given that the Guidelines range remains an important factor in sentencing." *Shelton*, 400 F.3d at 1332.

In this case, there is a reasonable probability of a different result. The district judge sentenced Claudio at the low end of the guidelines, and stated "It's the intention of the Court to sentence you at the low end . . . I recognize that you did what you did out of your need and the poverty that [you are] in in Col[o]mbia." The district judge then went on to discuss how she understood Claudio committed this crime out of desperation. She stated "[y]ou have been taken advantage of and abused again in your life by these people who are higher up the ladder who don't

7

care about you, agree to pay you some money, and because of your need and your desperation, you do what you do.  They don't care whether you are caught or not."  The judge went on to say, "[b]ut for right now I have no choice.  I am required—required to impose this sentence upon you."  All of these comments taken together convince us there is a reasonable probability the district court would have imposed a lesser sentence in Claudio's case if it had not felt bound by the Guidelines.  *See id.* at 1332–33.

We further find the fourth prong of plain error is met here.  There is a reasonable probability the district court would have imposed a lesser sentence, and the Supreme Court in *Booker* indicated the district court now has the discretion to do so, provided the resulting sentence is reasonable in light of the 18 U.S.C. § 3553(a) factors.  *See id.* at 1333–34.  The plain error that affected Claudio's substantial rights also seriously affected the fairness, integrity or public reputation of the judicial proceedings in this case.   Thus, the district court plainly erred in sentencing Claudio under a mandatory Guidelines system.

## II.  CONCLUSION

The district court did not err in proceeding to sentence Claudio after accepting his plea.  Additionally, 21 U.S.C. § 960 is not unconstitutional as applied to Claudio.  The district court plainly erred, however, in sentencing Claudio

pursuant to a mandatory Guidelines system.  Accordingly, we vacate Claudio's

sentence and remand for resentencing consistent with *Booker*.

**VACATED AND REMANDED.**