[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10338
Non-Argument Calendar

_____

D. C. Docket No. 04-00126-CR-T-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY WAYNE SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 15, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Billy Wayne Simmons appeals his conviction for possession of a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §

924(c)(1)(A)(i). On appeal, Simmons argues for the first time that the district court

violated Fed.R.Crim.P. 11 by accepting his guilty plea where there was no factual

basis for the plea to 18 U.S.C. § 924(c)(1)(A).  Although he concedes that he had

admitted having the listed weapons during the search of his house on March 10,

2004, Simmons asserts that his statement at his plea colloquy, that the firearms

were not present at his house during the day on which he sold marijuana to the

confidential informant ("CI"), negates a necessary element of 18 U.S.C.

§ 924(c)(1)(A), namely, that Simmons must use or carry the firearm during and in

relation to the drug trafficking offense or possess the firearm in furtherance of the

drug trafficking offense.  Simmons maintains that the district court committed a

plain error that affected his substantial rights.  Simmons further argues that,

because he was convicted of the crime and sentenced to 60 months imprisonment,

the court's error seriously affects the fairness, integrity, and public reputation of

the proceedings.

Where a defendant fails to object to a Rule 11 violation in the district court,

we review for plain error.  *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir.

2003) (citing *United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046, 152 L.

Ed. 2d 90 (2002)).  Under plain error review, there must be (1) an error, (2) that is

plain, and (3) affects substantial rights. *Monroe*, 353 F.3d at 1349. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* "Further, in the Rule 11 context, the reviewing court may consult the whole record when considering the effect of any error on substantial rights." *Monroe*, 353 F.3d at 1350 (quotation omitted).

Federal Rule of Criminal Procedure Rule 11(b)(3) requires that the court, before entering judgment on a guilty plea, "determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). This requirement serves the purpose of protecting "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (quotation omitted). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *Id.* (quotation omitted).

Under 18 U.S.C. § 924(c)(1)(A)(i), "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . shall be sentenced to a term

3

of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). In the instant case, the district court entered judgment against Simmons for possession of a firearm in furtherance of a drug trafficking crime (as opposed to the first prong of 18 U.S.C. § 924(c)(1)(A), using or carrying a firearm during and in relation to a crime). (R1-68).

In *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002), we determined that a conviction under the "possession in furtherance of" prong of 18 U.S.C. § 924(c)(1)(A) required that the government "establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." *Timmons*, 283 F.3d at 1252. We explained that, based upon the legislative history of 18 U.S.C. § 924(c), the "possession in furtherance of" phrase was added to "reverse the restrictive effect of" *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), which held that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant." *Timmons*, 283 F.3d at 1252 (citation and quotations omitted) (emphasis in original). Nevertheless, the mere presence of firearms within the defendant's control during a drug trafficking offense is insufficient. *Id.* at 1253. We held that "there must be a showing of some nexus between the firearm and the drug selling operation" to sustain a conviction under § 924(c). *Id.* at 1253 (quotation omitted). The nexus may be established by

4

"the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found."

*Id.* (quotation omitted). Although these factors are not exclusive, "they distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *Id.* (quotation omitted). Further, a "conviction under § 924(c) does not require either that the defendant be convicted of or charged with the predicate offense." *Frye*, 402 F.3d at 1127.

In this case, the record as a whole establishes that, (1) Simmons swore under penalty of perjury that officers found inside his house 14 firearms strategically placed, marijuana, a set of scales, "and other indicia of narcotics trafficking;" (2) Simmons testified under oath that officers found firearms, marijuana, marijuana seeds, money within a safe, and a set of scales inside his home; (3) the PSI stated facts similar to those admitted to by Simmons, including that the firearms were found "in close proximity" to the marijuana; and (4) Simmons admitted in the plea agreement and at the plea colloquy that he had previously sold marijuana to a CI inside his house. These facts establish a nexus between the firearms and the drug trafficking offense. *See Timmons*, 283 F.3d at 1252 (holding that, the type of drug

5

activity being conducted, the accessibility of the firearms, the proximity of the firearm to the drugs, and the time and circumstances under which the firearms are found, are among the factors that can establish a nexus between firearms and a drug trafficking offense).

First, Simmons's possession of marijuana, marijuana seeds, and a set of scales demonstrates that Simmons possessed the marijuana with the intent to distribute. Although count one of Simmons's superceding indictment charged Simmons with "knowingly and intentionally possess[ing] with intent to distribute marijuana" and count two charged Simmons with possession of "a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is to knowingly and intentionally possess with intent to distribute marijuana," Simmons was not convicted of count one or the predicate drug trafficking offense for count two. Nonetheless, Simmons's possession of maijuana with the intent to distribute, even absent a conviction of that offense, is sufficient to establish the required predicate for Simmons's conviction under § 924(c)(1)(A). *See Frye*, 402 F.3d at 1127 (holding that a defendant need not be convicted of or charged with the predicate offense in order to sustain a conviction under § 924)c)).

Second, despite Simmons's contention at the plea colloquy, that the firearms

were all in one closet, he swore to and signed the plea agreement that stated that the firearms were "strategically placed throughout the residence to make them available to protect the defendant and the marijuana inside the residence." In addition, Simmons did not object to the PSI, which stated that the firearms were found "in close proximity" to the marijuana. Therefore, the large number of firearms found (14), coupled with their location inside Simmons's house and Simmons's testimony at the plea colloquy, that he was able to access the firearms if he needed to, shows that the firearms were not innocently kept as "wall-mounted antique[s]," but were used to protect his marijuana. *See Timmons*, 283 F.3d at 1253; *United States v. Suarez*, 313 F.3d 1287, 1293 (11th Cir. 2002) (holding that, where a defendant's house was used as a storage point for a substantial amount of cocaine, and firearms were found in several different locations throughout the house, "the jury could have reasonably inferred that the guns were to be used to protect" the defendant's investment in his cocaine shipment).

Simmons argues that no factual basis existed for his conviction because the day on which he sold marijuana to the CI differed from the day on which the firearms were found and, thus, he could not have possessed the firearms in furtherance of that drug trafficking crime. The record established, however, that an independent nexus existed between the firearms and Simmons's possession of

7

marijuana with the intent to distribute, such that the district court was not required to establish another nexus between the firearms and Simmons's marijuana sale. Therefore, based on the record as a whole, the district court could have reasonably concluded that Simmons was guilty of possessing the firearms in furtherance of a drug trafficking offense because a nexus existed between the firearms and the drug trafficking offense. Accordingly, the district court did not plainly err in finding that there was a factual basis for Simmons's guilty plea. Because there is no plain error, we need not reach the third and fourth prongs of plain error review, and, thus, we affirm Simmons's conviction.

**AFFIRMED.**[1]

---

[1]We also DENY Appellee's motion to dismiss this appeal based on an appeal-waiver. Appellant did not knowingly and voluntarily waive his right to directly appeal his conviction.