[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 9, 2006
THOMAS  K. KAHN
CLERK

No. 05-10478
Non-Argument Calendar

_____

D. C. Docket No. 04-00068-CR-T-26-TBM


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


ISRAEL GONZALEZ, a.k.a. David Gomez,
a.k.a. Israel Gutierrez Gonzalez,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 9, 2006)**

Before ANDERSON, BIRCH and HILL, Circuit Judges.

PER CURIAM:

Appointed counsel for appellant Israel Gonzalez has filed a motion to withdraw on appeal together with a supporting brief. Anders v. California, 386 U.S. 738 (1967). Gonzalez, acting pro se, has filed a memorandum of law in support of his initial brief and asks that counsel be appointed for him. Our independent review of the record and the sentencing transcript reveals no meritorious issues. We therefore grant counsel's motion to withdraw on appeal and affirm Gonzalez's conviction and sentence.

In his memorandum, Gonzalez contends that he decided to plead guilty based on "the inducement of the unacomplished [sic] promises of the Government and misleading of defense counsel." He claims that the Government's plea agreement guaranteed that it would "recommend and agree: to 78-months imprisonment if [Gonzalez would] enter a plea of guilt." Instead, Gonzalez was sentenced to 120 months. He claims that had he known, he "would probably not pleaded guilty and challenged the case in trial."

In Gonzalez's change of plea hearing before the magistrate judge, discussing Count One of Gonzalez's indictment, conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846, the court told Gonzalez that "[a]ccording to your plea

2

agreement, the potential punishment in this case involves a mandatory minimum ten years incarceration and the possible maximum term of life imprisonment." He then asked Gonzalez "Do you understand the conspiracy allegation against you in Count One?" Gonzalez answered "Yes, sir." The court then asked "Do you understand what the possible punishment is on that count?" Gonzalez answered "Yes, sir." (R2-9).

From the change of plea transcript, in pleading guilty, Gonzalez stated "I talked to my lawyer about it and we came up to terms by me pleading guilty that I will not be looking at ten to life. I will be looking at ten to twelve years . . . That's why the reason I signed. That's the reason I agree to this . . . But if it is going to be like ten to life, well, I want to disagree with that because that is not what I was told." (R2 at 9,10).

Later, at his sentencing hearing before the district judge, the court reiterated to Gonzalez that Count One carried a mandatory minimum sentence of ten years' imprisonment because the conspiracy involved 1,000 kilograms or more of marijuana. (R3-7). The court then asked Gonzalez "Anything you care to say? I have to give you 120 months, you know that." Gonzalez answered "Yes, sir." (R3-16,17).

It is clear from our review of the record that Gonzalez's plea of guilty was

3

made voluntarily, that he understood the nature of the charges against him, and that he understood the consequences of his plea.  United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003).  Gonzalez's argument that the Government guaranteed that he would receive 78 months if he pleaded guilty is without merit.

MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED; APPELLANT'S MOTION FOR ANOTHER APPOINTED COUNSEL DENIED.