[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11368
Non-Argument Calendar

_____

D. C. Docket No. 05-10018-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORME KELLY-DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2007)

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Lorme Kelly-Davis appeals his conviction and sentence imposed after his plea of guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States on board a vessel, in violation of 46 App. U.S.C. § 1903(j).  Davis asserts three issues on appeal, which we address in turn.

I.

Davis first contends his sentence-appeal waiver was not knowing and voluntary.  He asserts the district court failed to question him about the waiver at the plea colloquy, and the record contains no indication he understood the significance of the waiver.  The Government correctly concedes the sentence-appeal waiver is not enforceable.  *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (holding in order for a sentence-appeal waiver to be knowing and voluntary, the court must specifically question the defendant about the waiver during the plea colloquy, in accordance with Rule 11, or it must be "manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.").  Accordingly, we address Davis's remaining issues on appeal.

## II.

Davis next contends the district court erred in not addressing the core principles of Rule 11 with him in open court. Davis asserts the district court failed to ask him whether his change of plea was made freely, whether any promises had been made to get him to change his plea, or whether he had been forced to change his plea. Davis further contends the district court failed to ask him if he understood his trial rights, or if he understood that, by pleading guilty, he was giving up those trial rights.

We review the district court's Rule 11 proceedings only for plain error because Davis objects to the proceedings for the first time on appeal. *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Under the plain error standard of review, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.' Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceeding.'" *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993) (citations omitted). A reviewing court looks to the entire record, not just to the Rule 11 hearing, to determine the effect of a Rule 11 error. *United States v. Vonn*, 122 S. Ct. 1043, 1054-55.

3

Rule 11 provides the court must address the defendant personally in open court and inform the defendant of, and determine that he understands, a list of 14 specific items, including the trial rights of the defendant, the consequences of a guilty plea, and the obligations of the court. *See* Fed. R. Crim. P. 11(b)(1). In addition, the court must ensure a plea is voluntary. Fed. R. Crim. P. 11(b)(2). Although a court does not necessarily commit error if it omits some items under Rule 11, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).

The record contains some indication that Davis understood the charges against him, his right to plead not guilty, and some of the consequences of his plea. Twice during the plea colloquy, the court specifically addressed Davis regarding his right to plead not guilty and proceed to trial. Also, the plea agreement stated the statutory minimum and maximum sentences. In addition, the court distributed a sheet of paper to counsel and stated it was "assured that counsel have reviewed the rights set forth therein with their respective clients." Davis's counsel stated he had reviewed the form and the rights with Davis and that Davis understood them.

4

However, the record does not contain the contents of that sheet of paper, and there was no discussion about the contents at the Rule 11 hearing. Moreover, the record shows the court failed to inform Davis personally, in open court, of almost all of the rights, consequences, and obligations listed in Rule 11(b)(1). The only Rule 11(b)(1) item of which the court personally informed Davis was his right to plead not guilty. This failure by the district court is plain error. *See Moriarty*, 429 F.3d at 1020 (holding the district court committed plain error by failing to inform defendant of virtually all of the information in Rule 11(b)(1)).

A plain error under Rule 11, however, does not mandate reversal of a conviction. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2340 (2004). In his brief, Davis generally contends the district court's error mandates reversal to allow him "to withdraw his plea or replead after being fully advised by the court." Davis, however, does not attempt to show how the court's error may have prejudiced him and does not argue that he would plead anything other than guilty, even if given the opportunity. Accordingly, although the court plainly erred in failing to address the Rule 11 core principles, Davis has not carried his burden to

5

show a reasonable probability that, but for the error, he would not have entered his guilty plea. Therefore, we affirm Davis's conviction.

III.

Davis contends his sentence was unreasonable because the district court did not mention the 18 U.S.C. § 3553(a) factors to be considered in imposing the sentence, and did not acknowledge or exercise its discretion under *United States v. Booker*, 125 S. Ct. 738 (2005). When evaluating the reasonableness of a sentence, this Court considers whether the sentence considers the factors outlined in § 3553(a) and the district court's reasons for imposing the particular sentence. *United States v. Williams*, 456 F.3d 1353, 1360-61 (11th Cir. 2006), *pet. for cert. filed*, (U.S. Oct. 19, 2006) (No. 06-7352). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow *Booker*'s requirements, regardless of the actual sentence," as when the district court fails to consider the relevant factors in § 3553(a), or applies the Guidelines as mandatory, rather than advisory. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, __ S. Ct. __, No. 06-5754, 2007 WL 1772146, at *12 (June 21, 2007).

6

There is nothing in the sentencing record to indicate the district judge was applying the Guidelines as advisory, or that he considered the 18 U.S.C. § 3553(a) factors in sentencing Davis.  We have examined the sentencing transcript and are unable to find any discussion of the reasons for which the district court chose the sentence it settled upon.  Therefore, we must vacate the sentence and remand for resentencing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**