[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2010
JOHN LEY
CLERK

No. 09-15807
Non-Argument Calendar

_____

D. C. Docket No. 08-00019-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CARL LANGLEY,
a.k.a. James Langley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 24, 2010)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

James Carl Langley appeals his conviction for attempted possession of child

pornography on the ground that the court failed to meet the core concerns of Fed. R. Crim. P. 11 during his change-of-plea hearing. After a thorough review of the record, we affirm.

Langley agreed to plead guilty to one count of attempted possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).[1] The written plea agreement advised Langley that his offense subjected him to "a maximum of ten (10) years imprisonment, a fine of up to $250,000, or both, and up to three (3) years supervised release," as well as a "mandatory assessment of $100."

At the change-of-plea hearing, the government made the following statement:

> [PROSECUTOR]: Your Honor, this offense is punishable by a maximum of 10 years of imprisonment – there is no mandatory minimum – a fine of up to $250,000 or both; and up to three years of supervised release. There is also a mandatory minimum fine of $100. . . .
>
> THE COURT: Is there also a mandatory assessment in addition to the mandatory fine?
>
> [PROSECUTOR]: There is a mandatory assessment of $100, yes, sir.

After confirming that Langley had discussed the sentencing guidelines with his attorney, the court explained that the guidelines were advisory and would be

---

[1] The indictment also charged Langley with transmitting a communication containing a threat, in violation of 18 U.S.C. § 875. In exchange for Langley's guilty plea, the government agreed to seek dismissal of this count.

considered along with "other factors" in determining the sentence, and that any prison sentence would be followed by a period of supervised release. Langley indicated that he understood. Before accepting Langley's plea, the court confirmed that Langley had read and understood the written plea agreement, discussed it with his attorney, and had no questions about it.

The probation officer calculated Langley's guideline range to be 235 to 293 months' imprisonment, but the statutory maximum sentence for Langley's offense was 120 months. The presentence investigation report also stated that the offense carried a term of supervised release and that a mandatory special assessment applied. At sentencing, Langley confirmed that he had read the PSI and discussed it with counsel. The court sentenced Langley to 120 months' imprisonment, 3 years' supervised release, and a mandatory assessment of $100.

On appeal, Langley argues that the district court committed plain error at the plea colloquy by failing to follow Rule 11. Specifically, Langley contends: (1) the district court gave him incorrect information regarding supervised release; (2) the court mistakenly referred to the mandatory assessment fee as a mandatory minimum fine; and (3) the court did not specifically inform him that it would consider the applicable sentencing guideline range together with factors listed in 18 U.S.C. § 3553(a).

Where, as here, a defendant does not object to an alleged Rule 11 violation, we review only for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* We may recognize such an error only if these three conditions are met and "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation omitted). The defendant has the "burden of persuasion with respect to prejudice or the effect on substantial rights." *Id.* To show that an error prejudiced him, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 1020.

"A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Id.* at 1019. With respect to this third concern, the court must inform the defendant of, and confirm that the defendant understands a series of rights and consequences. These include the possible penalties, such as fines and periods of supervised release. The court must also advise the defendant that it will consider the sentencing guideline range, possible departures under the sentencing guidelines, and "other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(H), (M). A court is not required to quote the specified

4

items verbatim; rather, "matters of substance, not form, are controlling." *United States v. Monroe*, 353 F.3d 1346, 1351 (11th Cir. 2003). In determining whether a Rule 11 violation occurred, and whether it prejudiced the defendant, we consider the record as a whole. *Moriarty*, 429 F.3d at 1020 n.4.

On review, we conclude that the district court committed no Rule 11 error. First, the record shows that Langley was informed of his possible supervised release at his arraignment, in the written plea agreement, during the plea colloquy, in the PSI, and at sentencing. Second, although there was some confusion at the plea colloquy regarding the amount of a fine in addition to a mandatory assessment, the plea agreement clearly stated the possible fine and the amount of the mandatory assessment. Langley confirmed that he had read and understood the written plea agreement and the PSI, and he made no objections regarding the supervised release period or the mandatory assessment contained in these documents.[2] Finally, the court advised Langley that it would determine his sentence based on the advisory guideline range and "other factors." The court also informed Langley that his offense carried a maximum penalty of 120 months' imprisonment. Although the court did not list the other factors or refer to 18 U.S.C. § 3553(a), the court's statements were sufficient under Rule 11 to advise

---

[2] The court did not impose a fine.

Langley of the possible consequences of his plea.

Even if we were to conclude that the district court committed an error, Langley cannot show he was prejudiced as a result. A district court's misstatement regarding the term of supervised release at the plea colloquy does not prejudice a defendant when the proper range of supervised release was contained in the written plea agreement and the PSI, and was unobjected to. *United States v. Brown*, 586 F.3d 1342, 1345-47 (11th Cir. 2009), *cert. denied* __ S.Ct. __ (No. 09-8833, May 3, 2010). Langley was fully advised throughout the proceedings that he faced a maximum 120 months' imprisonment. That is the sentence he received. Langley does not assert, and has not otherwise demonstrated that, but for the alleged potential errors, he would not have entered a plea. Accordingly, the district court properly accepted Langley's guilty plea as knowing and voluntarily. *See id.* at 1019-20. Langley's conviction is

**AFFIRMED.**