[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15635
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60257-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAJWHAN DONNELLE WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 15, 2014)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Lajwhan Donnelle Williams appeals his conviction for one count of conspiracy to possess with intent to distribute cocaine and cocaine base and two counts of possession with intent to distribute cocaine and cocaine base.  We affirm.

## I. BACKGROUND

Between July and September 2011, Williams and a codefendant engaged in a series of telephone conversations and exchanged text messages regarding narcotics purchases.  During that time, they engaged in several recorded transactions, in which the codefendant gave Williams a total of $7,550 in exchange for a total of approximately 182 grams of powder cocaine and 34 grams of crack cocaine.

In October 2012, a federal grand jury indicted Williams for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count 1); and three counts of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 2-4).  In March 2013, Williams's counsel filed a stipulated motion for a psychological evaluation under 18 U.S.C. §§ 4241 and 4242 to determine whether Williams was insane at the time of the crimes or incompetent to stand trial.  The district judge granted the motion later that month.

During a July 2013 telephonic status conference, the parties stated they had received a report of evaluations completed by Dawn Graney, Psy.D., a forensic

2

psychologist.  Dr. Graney opined Williams did not suffer from a severe mental disease or defect and was able to understand the nature of the proceedings against him and assist properly in his defense.  Williams's counsel stated that he "[took] no issue with" the evaluations, "[had] no issue with" Williams's competency at that time, and believed the issue had been resolved.  R. at 312.  Consequently, the judge issued an order finding that Williams did not suffer from a mental disease or defect and was sufficiently competent to understand the nature and consequences of the proceedings and to assist properly in his defense.  Thereafter, the government filed a notice of intent to seek enhanced penalties under 21 U.S.C. §§ 841 and 851, because Williams previously had been convicted of two controlled-substance felonies.

Three days later, Williams signed a plea agreement, in which he agreed to plead guilty to Counts 1, 3, and 4; the parties jointly agreed to recommend a sentence of 188 months of imprisonment.  Williams further agreed to waive his right to appeal his sentence on any ground, unless (1) it exceeded the statutory maximum or resulted from an upward departure or variance, or (2) the government appealed.  Williams also signed a factual proffer, in which he agreed that, if his case had proceeded to trial, the government would have proved the facts above beyond a reasonable doubt, which would be sufficient to establish Williams's guilt.

3

During his plea hearing, Williams testified he was 39 and had completed the ninth grade. Approximately ten years prior, a Florida court had found him to be incompetent, although his competency later had been restored. Williams's counsel stated that Dr. Michael Brannon recently had evaluated Williams and had found him to be competent to proceed. The court-ordered evaluation had resulted in the same finding. Counsel further explained that, before Williams had been transferred to federal custody, "a similar set of hearings [had been] taking place" in state court. R. at 322-23. Counsel added: "[E]veryone that I have had evaluate my client have all come back with the same opinion that he is competent to proceed." R. at 323. The judge asked whether counsel had any reason to believe Williams was not competent currently, to which counsel responded: "I believe he is totally competent to proceed, Your Honor." R. at 323.

The following exchange ensued between the district judge and Williams:

> Q. Mr. Williams, have you received a copy of the indictment pending against you?
>
> A. Yes, sir.
>
> Q. Have you fully discussed the charges in the case in general with [defense counsel]?
>
> A. Yes, I did.
>
> . . . .
>
> Q. Do you understand that Count 1 charges conspiracy to possess with intent to distribute cocaine and Counts 3

and 4 charge possession with the intent to distribute cocaine and cocaine base?

A. Yes, sir.

R. at 323-24.

The judge discussed the minimum and maximum prison terms, the minimum term of supervised release, the maximum fine, and the special assessment applicable to each count. Speaking on his own behalf, Williams asked whether the total special assessment would amount to $300. The judge responded Williams was correct; Williams testified he had no additional questions regarding the possible penalties.

At the judge's request, the government explained the elements of each charge. Williams's counsel stated he agreed with the government's explanation. The judge asked counsel what steps counsel had taken to familiarize Williams with the charges against him. Counsel responded that he had given Williams copies of all paper records produced by the government and had played surveillance video recordings to Williams on at least two occasions. Counsel and Williams also had reviewed the indictment, the Sentencing Guidelines, the plea agreement, and the factual proffer. Responding to the judge's inquiry, Williams testified he agreed with his counsel's representations.

The judge discussed the Sentencing Guidelines and his authority to sentence Williams up to the statutory maximum; Williams testified several times he

5

understood the judge's explanations.  When the judge asked whether Williams understood he would not be released on parole, Williams responded: "What do you mean by parole?"  R. at 327.  The judge explained that Williams could receive good-time credit, but parole had been abolished, and Williams replied: "Yes, sir." R. at 328.

Williams testified he had read, discussed with counsel, understood, and signed his plea agreement.  He also testified no one had forced or coerced him to sign the plea agreement, no one was forcing him to enter guilty pleas to the charged counts, and he was pleading guilty of his own free will.

The judge reviewed the sentence appeal waiver in the plea agreement, which Williams testified he had discussed with counsel and understood.  When asked whether he had any questions about the appeal waiver, Williams responded: "I didn't want to waive my right to appeal."  R. at 330.  The judge explained that the appeal waiver was part of the plea agreement, Williams was free to reject the agreement and proceed to trial the following Monday, where he would receive a fair trial.  Williams responded that he would continue with the plea agreement.  By accepting the plea agreement, the judge asked whether Williams understood  he would be "waiving [his] right to appeal except for the limited circumstances stated in [the agreement]"; Williams responded: "Yes, sir."  R. at 330.  The judge found

Williams had knowingly, intelligently, and voluntarily waived his right to appeal the sentence in accordance with his plea agreement.

The judge also explained each of the trial rights Williams would be waiving by pleading guilty, and Williams testified he understood. Williams further testified he had read, agreed with, and signed the factual proffer. Upon the judge's inquiry, Williams's counsel stated he was satisfied Williams understood his rights and those he was waiving, and there was a sufficient factual basis for his plea. Williams testified he had no additional questions for the judge.

Williams pled guilty to Counts 1, 3, and 4. The judge found Williams was "fully competent and capable of entering an informed plea" and was "aware of the nature of the charges and the consequences of his plea, and that his plea of guilty [was] a knowing and voluntary plea." R. at 333. Consequently, the judge accepted Williams's pleas and adjudicated him guilty. The judge also granted the government's motion to strike the § 851 sentence-enhancement notice.

During Williams's sentencing hearing, the parties and the judge discussed Williams's psychiatric history. The judge noted Williams previously had been found to be "borderline mentally retarded" and had "been on psychiatric medication for depression and possibly schizophrenia since 2010." R. at 353-54. The judge sentenced Williams to concurrent 151-month sentences on each count,

to be followed by concurrent terms of 3 years of supervised release on each count, and granted the government's request to dismiss Count 2.

In view of the judge's knowledge of his competency issues, Williams argues on appeal the judge plainly erred by failing to ensure Williams understood the nature of the charges against him and his decision to plead guilty was knowing, intelligent, and voluntary. Williams asserts the judge directed a single question to counsel as to Williams's competency and took no further steps to assure Williams understood what was discussed during the plea colloquy.

## II. DISCUSSION

We ordinarily review the voluntariness of a guilty plea de novo. *See United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). When a defendant fails to object to a violation of Federal Rule of Criminal Procedure 11 before a district judge, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Establishing plain error requires showing (1) an error (2) that was plain, (3) affected one's substantial rights, and (4) seriously affected the fairness of the judicial proceedings. *Id*. An error is plain if it is obvious and clear under current law. *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). To establish that a Rule 11 error affected one's substantial rights, a defendant must show a reasonable probability he would not have pled guilty but for the alleged error. *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 124 S. Ct. 2333, 2336

8

(2004). For a plea to be knowing and voluntary, a district judge must address the three core concerns of Rule 11 by ensuring (1) the plea was free from coercion; (2) the defendant understood the nature of the charges; and (3) the defendant understood the consequences of his guilty plea. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam).

During Williams's plea hearing, the judge engaged Williams and his counsel in a discussion of possible competency issues. The judge adequately assured himself Williams was competent to proceed and sufficiently understood the proceedings. The judge asked Williams directly whether Williams had reviewed the charges against him with his counsel and whether Williams understood that "Count 1 charge[d] conspiracy to possess with intent to distribute cocaine and Counts 3 and 4 charge[d] possession with the intent to distribute cocaine and cocaine base." R. at 323-24. Williams responded affirmatively to these inquiries. At the judge's request, the government stated the elements of each of the charges. Williams's counsel also reported the steps he had taken to familiarize Williams with the charges against him, and Williams agreed with his counsel's representations. The judge did not commit a Rule 11 violation.

The judge explained the possible penalties and verified with Williams and his counsel that Williams understood the trial rights he would be waiving by

9

pleading guilty.[1]  The judge further verified, through Williams's own testimony, that Williams had read, discussed with counsel, understood, and signed the plea agreement; no one had forced or coerced him to sign the plea agreement; no one was forcing him to plead guilty; and he was doing so of his own free will.

Nothing in the plea transcript suggests the judge had any reason to believe Williams did not understand the charges against him, the rights he was waiving, or the consequences of pleading guilty after each of these discussions.  To the contrary, Williams's questions regarding several issues show he was engaged and sufficiently aware to recognize when he was unsure whether he understood various issues.

Williams has not asserted or noted anything in the record suggesting he would not have pled guilty, if the judge had engaged in a more thorough plea colloquy.  To the contrary, Williams acknowledged in his factual proffer the government would have been able to prove his guilt beyond a reasonable doubt, had his case proceeded to trial.  He also testified during his plea hearing that he had read, agreed with, and signed the factual proffer.  Therefore, Williams has failed to show the district judge committed plain error by failing to engage in a more

---

[1] Williams does not argue on appeal that the district judge inadequately explained the possible penalties or failed to advise Williams of any of his trial rights.  *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (per curiam) (explaining an appellant abandons an issue if he fails to develop any argument supporting it in his opening brief).

thorough plea colloquy.  *See Dominguez Benitez*, 542 U.S. at 76, 124 S. Ct. at 2336; *Moriart*y, 429 F.3d at 1020.

**AFFIRMED.**