[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14210

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MINNELA ORDIN MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20153-KMM-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Minnela Ordin Moore appeals following his conviction and sentence for one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Moore asserts the district court clearly erred, in connection with denying his motion to suppress, by finding that police did not unreasonably extend his detention and by finding police secured consent to search his bag. Moore also contends the district court plainly erred at sentencing because a 2018 conviction for violating Fla. Stat. § 893.13 did not qualify as a controlled substance offense for U.S.S.G. § 4B1.2 purposes. After review, we affirm.

## I. DISCUSSION

### A. Unreasonable Extension of Detention

In response to a domestic violence 911 call, City of Miami Police Department Officers arrived on the scene to find a female who identified Moore as the man that had assaulted her. Moore asserts that police unlawfully prolonged his detention as officers said they were prepared to release him if either he or the alleged victim had another place to go, meaning that officers no longer had a reasonable suspicion to think he had assaulted the alleged victim. He also asserts the police unlawfully detained him by investigating a nearby disturbance that unlawfully delayed his detention.

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "Evidence obtained in violation of the Fourth Amendment must be suppressed." *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011). Under the Fourth Amendment, law enforcement officers may conduct a brief, investigatory stop, known as a *Terry*[1] stop, when (1) the officers have reasonable suspicion the suspect is involved in criminal activity and (2) the stop is "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at 1186 (quotation marks omitted). We look to the totality of the circumstances to determine the existence of reasonable suspicion. *Id.*

Officers do not have "unfettered authority to detain a person indefinitely" even if they have reasonable suspicion. *United States v. Campbell*, 26 F.4th 860, 881 (11th Cir. 2022). "The detention is limited in scope and duration"; officers must conduct their investigation diligently, and cannot unlawfully prolong a stop. *Id.* (quotation marks omitted). "Unrelated inquiries are permitted so long as they do not add time to the stop." *Id.* at 882. "[A] stop is unlawfully prolonged when an officer, without reasonable suspicion, diverts from the stop's purpose and adds time to the stop in order to investigate other crimes." *Id.* at 884. "In other words, to unlawfully prolong, the officer must (1) conduct an unrelated inquiry aimed at investigating other crimes (2) that

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

adds time to the stop (3) without reasonable suspicion." *Id.* "If an officer prolongs a stop, any evidence uncovered as a result may be suppressed." *Id.* at 885.

Police did not unlawfully prolong Moore's detention, and the district court did not err in denying suppression based on this ground. *See Jordan*, 635 F.3d at 1185 (stating, in reviewing a motion to suppress, we review the district court's factual findings for clear error and its application of the law to the facts *de novo*). Officers were diligently carrying out the investigation throughout the time Moore was detained and the officers' discussion regarding an incident nearby did not amount to investigating other offenses. First, police had reasonable suspicion to stop or detain Moore based on the initial call and report of an altercation. As for reasonable suspicion to continue the stop, the alleged victim said that there was a video of the assault on her cellphone, but Moore had deleted it. She had sent the video to a friend and was trying to get a copy back from the friend. Officer Earl Simington testified that he and Officer Nentwig were waiting at the scene for the video evidence the alleged victim had stated was being sent to her phone. Additionally, Officer Simington testified it was important to wait for the evidence, especially because if the evidence had materialized they would have arrested Moore for assault. Construing this evidence in the light most favorable to the Government as the prevailing party, police retained reasonable suspicion over the case as they were diligently conducting their investigation by waiting for more evidence to arrive. *Campbell*, 26 F.4th at

881; *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000) (stating we construe the facts in the light most favorable to the prevailing party).

Officers did not unlawfully prolong Moore's detention when the separate disturbance occurred. Officer Simington testified that discussing a plan in case the disturbance escalated was part of his work as was investigating the disturbance for safety reasons. Construing the evidence in the light most favorable to the Government, this does not qualify as investigating criminal activity unrelated to the stop. *Campbell*, 26 F.4th at 884. Neither officer appeared to be using the opportunity to investigate crimes more generally, but rather the ultimate purpose of creating the plan related back to maintaining the safety of the current investigation.

## B. Consent to Search

Moore contends the length of his detention, the presence of armed officers, the repeated questions by police, the assumption he was the sole wrongdoer, the repeated requests for consent to search his bag, the continued detention despite other incidents and repeated claims by the alleged victim, and his psychological vulnerability due to his mental illnesses, potential illegal drug use, and the ongoing situation pointed toward police conduct being coercive.

The Fourth Amendment protects against searches without probable cause. U.S. Const. amend. IV. A search is reasonable

and does not require a warrant if law enforcement obtain voluntary consent. *United States v. Spivey*, 861 F.3d 1207, 1213 (11th Cir. 2017). Determining voluntariness is an inquiry conducted on a case-by-case analysis based on the totality of the circumstances. *Id.* Relevant factors to consider include the "voluntariness of the defendant's custodial status, the presence of coercive police procedure, the extent and level of a defendant cooperation with police, the defendant's awareness of his right to refuse to consent to the search, the defendant's education and intelligence, and, significantly, the defendant's belief that no incriminating evidence will be found." *Id.* (quotation marks omitted).

"Coercion is determined from the perspective of the suspect." *Id.* at 1215 (quotation marks omitted). Coercion includes intimidation, threats and physical or psychological abuse. *United States v. Jones*, 475 F.2d 723, 730 (5th Cir. 1973).[2] Coercion is more easily found if the person consenting to the search has been placed under arrest. *See United States v. Hall*, 565 F.2d 917, 920 (5th Cir. 1978). Interrogations of "exhaustively long duration" weigh against the voluntariness of consent. *See Miller v. Dugger*, 838 F.2d 1530, 1537 (11th Cir. 1988).

Weighing the totality of the circumstances, the district court did not err in determining Moore's consent was voluntary.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

21-14210                    Opinion of the Court                    7

As for Moore's custodial status, he was detained by officers throughout his detention, but he was able to move around the yard, play with his dogs, and was not handcuffed. *Spivey*, 861 F.3d at 1213. Additionally, there was no coercion as there were no threats, intimidation, physical or psychological abuse, and the questioning was not "exhaustively long," although there was some repeated questioning by Officer Simington to see the bag. These facts, viewed in the light most favorable to the prevailing party, weigh in favor of voluntariness. *Id.*; *Gordon*, 231 F.3d at 754. Moore's actions after Officer Simington found the pistol imply that Moore understood he should not be in possession of the firearm, which does not weigh in favor of voluntariness. *Spivey*, 861 F.3d at 1213. Further, although Officer Simington did not inform Moore of his right to refuse consent to search, Officer Simington did not have to inform Moore of that. *Schneckloth v. Bustamonte*, 412 U.S. 218, 234 (1973) (stating knowledge of a right to refuse consent is not a perquisite to voluntary consent). The factors supporting the consent was voluntary outweigh those supporting that it was involuntary, and thus we affirm the district court's denial of the motion to suppress.

## C. Controlled Substance Offenses

Moore argues, for the first time on appeal, that his 2018 Florida conviction for possession of cannabis with intent to sell, manufacture or deliver the same, did not qualify as a controlled substance offense at the time of his 2021 sentencing. Specifically, Moore contends that at the time he was convicted in 2018, the

Florida drug schedule included a broader definition of cannabis than current federal or state law.

Arguments raised for the first time in a criminal appeal are reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731 (1993). To prove plain error, a defendant must show there is an error, that is plain, that affects substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). "An error is plain if it is obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). Unless the explicit language of a statute or rule specifically resolves an issue, there can be no plain error without precedent from the Supreme Court or this Court directly resolving the issue. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).

Under U.S.S.G. § 2K2.1(a)(2), a district court shall assign a defendant a base offense level of 24 if he committed the offense of conviction subsequent to sustaining at least two felony convictions of a controlled substance offense. U.S.S.G. § 2K2.1(a)(2). Under U.S.S.G. § 4B1.2(b), a controlled substance offense is defined as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with the intent to do the same. U.S.S.G. § 4B1.2(b).

At the time of Moore's sentencing, the Florida Controlled Substances Act prohibited the sale, manufacture, or delivery, or possession with the intent to do the same, of a controlled substance. Fla. Stat. § 893.13(1)(a) (2021). One such controlled substance is cannabis. Fla. Stat. § 893.03(1)(c) (2021). Florida defined cannabis as all parts of any plant of the genus *Cannabis*, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin, but that does not include hemp. Fla. Stat. § 893.02(3) (2021). At the time of Moore's 2018 cannabis offense, hemp was still included as part of the cannabis definition. Fla. Stat. § 893.02(3) (2018).

The district court did not plainly err. *See Olano*, 507 U.S. at 731. There are no cases published by this Court or the Supreme Court holding whether to apply the version of a controlled substance offense from the time of earlier conviction or the time of the sentencing in the current case for the purpose of determining whether it is a controlled substance offense under U.S.S.G. § 4B1.2(b).[3]  Therefore, as there is no precedent from the Su-

---

[3] In *United States v. Jackson*, 55 F.4th 846, 855 (11th Cir. 2022), we recently held that *McNeill v. United States*, 563 U.S. 816 (2011) required us to read the Armed Career Criminal Act's definition of a "serious drug offense" under state law to incorporate the version of the federal controlled-substances schedules in effect when the defendant was convicted of his prior state drug offenses. We have no such precedent as it relates to U.S.S.G. § 4B1.2(b).

preme Court or this Court directly resolving the issue, there can be no plain error. *See Hesser*, 800 F.3d at 1325.

## II. CONCLUSION

We affirm Moore's conviction and sentence.

**AFFIRMED.**