[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10245

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHEN J. BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:05-cr-00010-AW-MAF-2

_____

_____

No. 23-10253

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHEN J. BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00013-AW-MAF-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Brinson appeals his 188-month sentence followed by 10-years' supervised release for fentanyl distribution, and his 51-month consecutive sentence imposed upon revocation

23-10245                 Opinion of the Court                    3

of supervised release following a previous conviction.  He argues that the district court committed plain error in calculating his Sentencing Guidelines range for both sentences.

## I.

We review an argument not made before the district court for plain error, requiring the defendant to show that there is (1) error; (2) that is plain; (3) that affects his substantial rights; and (4) that seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).  An error is plain if it is plain at the time of appeal, even if it was not plain at the time of the district court's decision. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).  For a defendant to show an error affected his substantial rights, he must show a reasonable probability of a different result but for the error. *United States v. Underwood*, 446 F.3d 1340, 1343-44 (11th Cir. 2006).  An incorrect Guidelines range generally shows a reasonable probability of a different result. *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016).  "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Rosales-Mireles v. United States*, 585 U.S 129, 140 (2018).  A party's concession of law is not binding on us. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021).

A defendant is a career offender if (1) he was over the age of 18 at the time he committed the instant offense; (2) the instant offense is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The prior felony convictions must be counted separately under § 4A1.1(a)-(c). § 4B1.2(c)(2). Under § 4A1.1, a prior sentence exceeding one year and one month imposed or served within 15 years of the commencement of the instant offense and any prior sentence imposed within 10 years of the commencement of the instant offense are counted. § 4A1.2(e)(1)-(2). Any other prior sentence is not counted. § 4A1.2(e)(3).

Conspiracy to commit a drug offense is not a controlled substance offense for the purposes of § 4B1.2. *United States v. Dupree*, 57 F.4th 1269, 1280 (11th. Cir. 2023) (*en banc*). Although the commentary to § 4B1.2 states that conspiracy to commit a controlled substance offense qualifies as a controlled substance offense, that commentary is not considered, because the text of § 4B1.2(b) unambiguously excludes inchoate crimes. U.S.S.G. § 4B1.2, comment. (n.1); *Dupree*, 57 F.4th at 1277-79.

Here, the government is correct to concede that the district court plainly erred in sentencing Brinson as a career offender. *See Monroe*, 353 F.3d at 1349; *Colston*, 4 F.4th at 1187. First, the district court applied the career-offender enhancement based on a drug-conspiracy conviction. We held in *Dupree* that inchoate offenses, including conspiracy, are not controlled substance

23-10245                Opinion of the Court                    5

offenses, so the district court erred. *See Dupree*, 57 F.4th at 1277-79. Second, the error is plain, as *Dupree* explicitly held that conspiracy is not a controlled substance offense. *See id.*; *Rodriguez*, 398 F.3d at 1299. Third, the error affected Brinson's substantial rights, as it significantly affected his guideline range. *See Molina-Martinez*, 578 U.S. at 198. Finally, the risk of unnecessary deprivation of liberty undermines the fairness and integrity of judicial proceedings. *See Rosales-Mireles*, 585 U.S. at 140. The career-offender enhancement was therefore plain error. *See Monroe*, 353 F.3d at 1349.

Accordingly, we vacate Brinson's fentanyl-distribution sentence and remand for resentencing.[1]

## II.

Grade A violations of supervised release include any federal controlled substance offense punishable by more than a year in prison. U.S.S.G. § 7B1.1(a)(1). Fentanyl distribution is punishable by up to 30 years of imprisonment. 21 U.S.C. § 841(a)(1), (b)(1)(C). When the defendant's criminal history category when he was originally sentenced was VI, and he commits a Grade A violation while on supervised release for a Class A felony, he is subject to a guideline range of 51 to 63 months' imprisonment. U.S.S.G. § 7B1.4(a).

---

[1] Because we vacate the sentence, we do not address Brinson's other arguments challenging his fentanyl-distribution sentence.

Here, the district court did not err, plainly or otherwise, in calculating the guideline range as to Brinson's sentence upon revocation of supervised release.  Brinson's most serious violation (the fentanyl-distribution violation) was a Grade A violation punishable by up to 30 years of imprisonment.  *See* U.S.S.G. § 7B1.1; 21 U.S.C. § 841(a)(1), (b)(1)(C).  His underlying conviction was a Class A felony.  *See* 21 U.S.C. § 841(b)(1)(A)(iii); 18 U.S.C. § 3559(a)(1).  The applicable criminal history category was VI—the category at the time of his original sentencing[2]—not his category at the time of the instant sentencing for violation of supervised release.  *See* U.S.S.G. § 7B1.4.  Because the statutory maximum term was five years, the district court properly calculated Brinson's capped guideline range at 51 to 60 months.  *See* 18 U.S.C. § 3583(e)(3).

Accordingly, we affirm Brinson's sentence imposed upon revocation of supervised release.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

---

[2] At the time of the instant sentencing, Brinson's prior convictions for aggravated assault and robbery no longer counted towards his criminal history because of their age.  Thus his criminal history category was IV and no longer VI.