**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10314

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ORLANDO CHAVEZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20035-RKA-1

_____

Before ROSENBAUM, GRANT, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Orlando Chavez appeals his convictions for procuring citizenship or naturalization unlawfully, in violation of 18 U.S.C. §1425(a), and misuse of evidence of citizenship or

naturalization, in violation of 18 U.S.C. § 1423. On appeal, Chavez argues that the district court erred by denying his motion for a judgment of acquittal because the government did not present sufficient evidence for any reasonable jury to find beyond a reasonable doubt that he knowingly failed to disclose he had abused his seven-year-old daughter, and that if a reasonable immigration official learned of the abuse, she would have denied his naturalization application or would have investigated and uncovered facts that would have led her to deny Chavez's application. Chavez further claims that because the government failed to present sufficient evidence to support his 18 U.S.C. § 1425(a) charge, it necessarily failed to prove beyond a reasonable doubt that he used an unlawfully obtained naturalization certificate to secure a passport. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Chavez's motion for judgment of acquittal and his convictions.

**I.**

We review *de novo* a challenge to the sufficiency of the evidence, and the district court's denial of a Rule 29 motion for a judgment of acquittal. *United States v. Beach*, 80 F.4th 1245, 1258 (11th Cir. 2023). When the defendant raises a claim challenging the sufficiency of the evidence on a ground not argued below, the new ground will be reviewed for plain error only. *United States v. Baston*, 818 F.3d 651, 664 (11th Cir. 2016). Under plain error review, the defendant has the burden of showing there is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (quotation marks omitted). If

all three conditions are met, then we may exercise our discretion to notice a forfeited error, but only if "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted, alteration in original). When "the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (quotation marks omitted).

## II.

The district court may enter a judgment of acquittal at the close of the government's evidence or at the close of all evidence, either upon the defendant's motion or *sua* sponte, if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). We will uphold the district court's denial of a Rule 29 motion for a judgment of acquittal "if a reasonable trier of fact could conclude that the evidence establishe[d] the defendant's guilt beyond a reasonable doubt." *Beach*, 80 F.4th at 1255 (quotation marks omitted). "We will not overturn a jury's verdict if there is any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* (quotation marks and emphasis omitted). We must sustain a verdict where "there is a reasonable basis in the record for it." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010) (quotation marks omitted).

When reviewing the denial of a motion for judgment of acquittal, we view all facts and inferences in the light most favorable to the government. *Beach*, 80 F.4th at 1255. The evidence need not exclude every reasonable hypothesis of innocence for a reasonable jury to find guilt beyond a reasonable doubt, and the jury is free to choose among alternative, reasonable interpretations of the evidence. *Id.* at 1255-56. The test for sufficiency of the evidence is the same regardless of whether the evidence is direct or circumstantial, with no distinction in the weight given to each. *United States v. Guevara*, 894 F.3d 1301, 1307 (11th Cir. 2018) (quotation marks omitted).

A person violates 18 U.S.C. § 1425(a) if he "knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." 18 U.S.C. § 1425(a). Closely related to that statute is 18 U.S.C. § 1423, which states that a person violates this provision if they knowingly use "for any purpose any order, certificate, certificate of naturalization, certificate of citizenship, judgment, decree, or exemplification, unlawfully issued or made, or copies or duplicates thereof, showing any person to be naturalized or admitted to be a citizen." 18 U.S.C. § 1423.

In *Maslenjak v. United States*, 582 U.S. 335, 137 S. Ct. 1918 (2017), the Supreme Court held that a person violates § 1425(a) if they knowingly make a material, false statement to obtain naturalization. 582 U.S at 341-43, 137 S. Ct. at 1924-25. The Supreme Court further held that the government must show that a false

statement to immigration officials was material, in that it altered the naturalization process in a way that influenced an award of citizenship, based on how a reasonable government official would have properly applied naturalization law had they known the real facts. *Id.* at 346-48, 137 S. Ct. at 1927-28.

The Supreme Court set forth two ways for the government to demonstrate a false statement was material under § 1425(a): (1) the applicant may have misrepresented facts that are themselves disqualifying from citizenship; and (2) under the "investigation-based theory," a false statement can be found material if the true facts would have led immigration officials to the discovery of other facts that would have been legal grounds for the application's denial. *Id.* at 348-349, 137 S. Ct. at 1928-29. Under the investigation-based theory, the government bears the burden of showing that the misrepresented fact was sufficiently relevant to a naturalization criterion that it would have prompted a reasonable official to undertake further investigation when seeking evidence concerning citizenship qualifications; and, if that is met, that the investigation would have predictably disclosed some legal disqualification. *Id.* at 349-50, 137 S. Ct. at 1929-30. Even if the government meets this burden, the defendant retains a complete defense to § 1425(a) by showing qualification for citizenship. *Id.* at 351, 137 S. Ct. at 1930.

To be naturalized, applicants are statutorily required to be a person of "good moral character." 8 U.S.C. § 1427(a). There are numerous grounds under which a person can be found to not be a

person of good moral character. *See* 8 U.S.C. § 1101(f). This provision includes, in part, anyone who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43)). *Id.* at § 1101(f)(8). The term "aggravated felony" in § 1101(f)(8) includes the murder, rape, or sexual abuse of a minor. *Id.* § 1101(a)(43)(A). However, the fact that a person does not fall within any of the express categories in § 1101(f) does not preclude a finding that for other reasons the person is not of good moral character. *Id.* § 1101(f). We have previously stated that sections 1101(f)(3) and (8) "illustrate what types of unlawful behavior may bar an applicant from establishing good moral character" and labeled the "catch-all" provision of section 1101(f) as "expansive." *See United States v. Jean-Baptiste*, 395 F.3d 1190, 1193-94 (11th Cir. 2005) (affirming that a naturalized citizen who committed a drug offense prior to his naturalization oath but was not indicted, arrested, or convicted until after his naturalization failed to demonstrate good moral character and was subject to denaturalization).

## III.

The record demonstrates that the district court did not commit plain error in denying Chavez's motion.[1] Based on the evidence, a jury could conclude beyond a reasonable doubt that

---

[1] We review for plain error because Chavez argues for the first time on appeal that his child abuse conviction does not rise to the level of an aggravated felony and that he had not been convicted at the time he filed his application for naturalization. At trial, Chavez argued that he pled guilty to the child abuse charge to be released from jail, not because he was guilty of the offense.

Chavez committed a crime during his statutory good moral character period by inserting his penis into his daughter's vagina in 2014, for which he had not been arrested in 2017, when he applied for naturalization and failed to disclose this information. The evidence showed that he also failed to disclose sexually abusing his daughter on his naturalization application. The immigration officer testified that had Chavez disclosed this conduct, she would have investigated further and ultimately denied his application. Because the jury had sufficient evidence to find that Chavez procured his U.S. citizenship by making false statements and that Chavez used his naturalization certificate to procure his U.S. passport, the jury also had sufficient evidence to convict Chavez of misusing evidence of naturalization.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Chavez's motion for judgment of acquittal and affirm Chavez's convictions.

**AFFIRMED.**